The opinion of the Court was drawn up by
Appleton,- C. J.
Policies of insurance vary in the language used. The conclusions, therefore, to which the Courts may arrive, must necessarily depend, in no slight degree, upon the terms in which the policy, and the application preceding it, are expressed.
The plaintiff, in his application, after answering the several inquiries proposed, " covenants and agrees to and with the said company that the foregoing is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured, so far as the same are known to the applicant and are material to the risk.”
The policy contains the following clause. " This insurance is predicated upon an application and survey filed in the office of said Insurance Company, as No. 322, which application or survey is made part and portion of this - policy and warranty on the part of the assured. And it is moreover declared * * * that this policy is made and accepted upon the representations of the assured in his application for said insurance, and in reference to the conditions hereunto annexed, which are to be used and resorted to, in order to explain the rights and obligations of the parties hereto and not herein otherwise specially provided for.”
If this is to be regarded as a warranty, it is one, the limitations of which are clearly expressed in the application. It is not an absolute warranty that each answer is true'— but only that the answers are " a just and true exposition of *583 all the facts and circumstances in regard to the condition, situation, value and risk of the property, so far as the same are known to the applicant and are material to the risk.” The warranty extends no further. The party applying and the party receiving the application must have understood it as warranting to the extent thus indicated. The knowledge of the applicant, therefore, and the materiality of the facts stated, were properly to be submitted to a jury. Lindsey v. Union Mutual Fire Insurance Company, 3 R. I., 157.
In reference to the statement in regard to ventilation, it may be observed, that it is not responsive to any inquiry, and, in such case, the burden of proof is on the insurance company to show its materiality and falsity. And these are to be determined by a jury. Daniels v. Hudson River Fire Insurance Company, 12 Cush, 417.
If it be doubtful from the words of a policy, whether certain statements made by the applicant relative to the subject of insurance are to be regarded as warranties or as representations, they will be regarded as the' latter. Wilson v. The Conway Fire Ins. Co., 4 R. I., 143. A statement in an application for insurance is to be considered a represents ation rather than a warranty, unless it is clearly made a warranty by the terms of the policy or by some direct reference thereto. Daniels v. Hudson River Ins. Co., 12 Cush., 416.
That the answers referred to in the exceptions' should be deemed representations, they being so termed in the policy, would seem hardly to be a matter of doubt, according to the case of Houghton v. Manufacturers' M. F. Ins. Co., 8 Met., 114. So too, in Elliot v. Hamilton M. F. Ins. Co., 13 Gray, 139, the same Court held language almost identically similar to that used in the present case, to be a representation rather than a warranty, and referred the materiality and truth of the answers to the determination of a jury.
But whether the answers are to be deemed representations or warranties limited in their character, their materiality *584 and truth were necessarily to be passed upon by a jury. If they were representations, it is not contested that such should be the case. If they were warranties, if the statements were immaterial, the plaintiff was not to be deprived of his policy. The limitation imposed, was, "so far as known to the applicant and material to the risk,” and, with this limitation, the warranty is found not to have been broken. Exceptions overruled.
Rice, Davis, Kent and Walton, JJ., concurred.