[Civil No. 288.   Filed September 2, 1890.]

[73 Pac. 399.]

## F. K. MILLER, Plaintiff and Appellee, v. A. A. GREEN, Defendant and Appellant.

1. APPEAL AND ERROR—CONFLICT IN EVIDENCE.—Where there is a conflict in evidence this court will not interfere with the finding of the trial court.

2. SAME—BILL OF PARTICULARS—OBJECTIONS—MUST BE MADE IN THE TRIAL COURT—MUST BE SPECIFIC.—Objection that a bill of particulars is not sufficiently particular must be made in the court below and the objection should be specific.

3. SAME—EVIDENCE—ADMISSION OF IMMATERIAL AND IRRELEVANT EVIDENCE—TRIAL BY COURT—BURDEN OF SHOWING INJURY ON APPELLANT.—Error of the trial court in admitting irrelevant and immaterial evidence, where the trial is before the court, will not avail on appeal in absence of a showing that it affected the judgment of the court. The burden is on the objector to show that it was likely to affect the material question in the case.

4. SAME—EXPERT EVIDENCE—HARMLESS ERROR.—Error in admitting expert evidence to prove the value of services is harmless where the value of the services is conceded by appellant.

5. SAME—EXCLUSION OF EVIDENCE—IMMATERIAL.—Evidence, offered and excluded in an action for attorney's fees, that other attorneys were employed by appellant does not seem to have been offered for the purpose of tending to show that appellee was not employed by appellant—the question in the case—if it would tend to show that fact. Its exclusion is not urged or embraced in the motion for a new trial and affords no ground for reversal.

6. SAME—MOTION FOR NEW TRIAL—MUST BE SIGNED BY PARTY OR ATTORNEY—REV. STATS. ARIZ. 1887, PAR. 834, CITED.—Motion for new trial is required by statute, supra, to be signed by party or his attorney.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. R. E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Hereford & Hereford, for Appellant.

Jeffords & Franklin, for Appellee.

PER CURIAM.—The appellee recovered judgment in the court below against the appellant for legal services in the sum of five hundred dollars. The appellant concedes that the recovery was not too large if the appellee rendered the services he claimed to have rendered, and did it at the request of appellant. On the subject of the value of the services there was evidence of witnesses on a hypothetical case which amply sustains the finding of the court. The only question, then, on the merits which remains was, Did the evidence prove that plaintiff below (appellee) rendered the services, and at the request of appellant? The appellee testified that he did. The appellant testified that the services were not rendered at all, that he did not employ appellee as an attorney, and that the services were not rendered for him or at his request. This raised a question of fact, where there was a conflict of evidence. The trial court heard all the evidence, saw the witnesses on the stand, and was in a better position to settle the preponderance than this court. Conceding there was but one witness on each side of the issue, this court cannot say that the trial court may not have believed one and disbelieved the other.

But it is stoutly urged that the court should have required a bill of particulars. There is a bill of particulars in what purports to be a bill of exceptions. If this bill of particulars was not sufficiently particular, objection should have been made to it in the court below, and the objections should have been specific and particular.

The objection that the court erred in admitting the evidence of C. C. Stephens, on the ground that the evidence of Stephens was irrelevant and immaterial, cannot avail in this court, for it does not appear that the irrelevant and immaterial evidence, if it was such, was on the material controversy in this case, or in any way affecting the finding or judgment of the court. The trial was by the judge, and not a jury; and even in the case of a jury trial some irrelevant and immaterial evidence may be admitted, and yet have no effect on their finding. The burden is on the objector to show that it was of such character and force as to have been likely to affect the vital or material question in the case.

Another objection urged was the admission of expert evidence to prove the value of the alleged services. As appellant concedes the value of the services, and only contends that they were not rendered for appellant, it is not necessary to further consider this objection.

The evidence offered by appellant, and excluded by the court, that other attorneys were employed by appellant, does not seem to have been offered for the purpose of tending to show that appellee was not employed by appellant—the vital question in the case—if it would tend to show that fact. Nor does the exclusion of this evidence seem to be urged in the motion for a new trial as one of the grounds therefor. It is not embraced in the motion for a new trial.

The motion for a new trial does not appear to have been signed by the party or his attorney, as required by paragraph 834 of the Revised Statutes of 1887. But even on the face of the transcript—not the record—we do not see good grounds for reversing the action of the court below.

The judgment below will be affirmed.