[Civil No. 2324.   Filed ·June 27, 1925.]

[237 Pac. 634.]

## PENNSYLVANIA FIRE INSURANCE COMPANY, a Corporation, Appellant, v. J. F. JOHNSON, Appellee.

1. INSURANCE—POLICY, ISSUED ·JOINTLY TO VENDOR AND VENDEE ON AUTOMOBILE, NOT TERMINATED BY VENDOR'S FORECLOSURE TO SECURE PURCHASE PRICE.—Insurance policy on automobile, issued jointly to vendor and vendee under conditional sales agreement, *held* not terminated by vendor foreclosing real estate mortgage to secure purchase price.

2. INSURANCE—POLICY NOT VOID AS EXTENDED BY RIDER, THOUGH PREVIOUS CONDITIONS VIOLATED.—Where insurance policy on automobile was issued jointly to vendor and vendee, but contained rider limiting liability in Mexico to 15 days, and second rider insured vendor against fraudulent concealment or disposal by vendee, *held*, that vendee's retention of car in Mexico beyond time stated did not void the policy, nor preclude vendor's recovery on policy for vendee's conversion of car.

3. INSURANCE—RIDER IN POLICY CREATED NEW AND DIFFERENT CONTRACT FROM ORIGINAL POLICY.—Where insurance policy on automobile was issued jointly to vendor and vendee, a rider, insuring vendor only for additional premium, created a new and different contract from original policy, except where conditions of latter were in harmony with the new contract.

4. INSURANCE—STATUTORY PENALTY AND FEES APPLY ONLY TO FIRE LOSS IN FIRE AND MARINE INSURANCE.—Penalty and attorney's fees provided under Civil Code of 1913, paragraph 3441, refer to failure to pay fire loss under regular fire policy required by paragraph 3440, and not to a loss incurred by insurance not ordinarily known as fire and marine.

See (1) 28 *Cyc.*, p. 50, n. 59 New.   (2) 28 *Cyc.*, p. 50; n. 59 New. (3) 28 *Cyc.*, p. 50, n. 59 New.   (4) 28 *Cyc.*, p. 50, n. 59 New.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. A. M. Sames, Judge. Judgment modified and affirmed.

3.  On effect of riders or slips attached to insurance policies, see note in 30 L. R. A. 636.

Mr. C. M. Gandy, Mr. Gene S. Cunningham and Mr. W. W. Hindman, for Appellant.

Messrs. Duffy & Robins and Mr. Fred Noon, for Appellee.

LOCKWOOD, J.—In August, 1920, J. F. Johnson, hereinafter called plaintiff, sold one Tomas Aguirre an automobile for $2,290, under a conditional sales contract. By January, 1921, there was still owing on the car $1,332, and as payments were considerably in arrears plaintiff repossessed the auto. Thereafter an adjustment of the account between plaintiff and Aguirre was had, the former loaning the latter some $231, to pay off a mortgage on real estate, and this sum, the amount still due on the car, with interest, and an open account owed to plaintiff by Aguirre, all amounting to $2,028.38, were evidenced by new notes secured by the original contract of sale, and also by a mortgage on real estate, which were executed by Aguirre and given to plaintiff, and the car returned to the former. By March 2, 1921, Aguirre had paid $100 on the notes, and the Pennsylvania Fire Insurance Company, a corporation, hereinafter called defendant, made and delivered to plaintiff and Aguirre a policy of insurance. The original policy insured both Aguirre and plaintiff against fire and theft, robbery, or pilferage, but expressly excepted a wrongful conversion or secretion by a vendee in possession under a conditional sales agreement. This original policy covered only loss occurring within the United States and Canada. There were attached thereto, however, two riders, the first of which contained the following clause:

"In consideration of additional premium of $14 this policy is hereby extended and made to cover while within the territory of Lower California and the

28 Ariz.—29

states of Sonora and Sinaloa for a period not exceeding fifteen (15) days at any one time."

The third rider reads in part as follows:

"It is understood that the automobile described in this policy has been delivered by the said J. F. Johnson, vendor, to Tomas Aguirre, vendee, under a conditional sale contract, under which the unpaid balance is $1,928.38, a copy of which shall be furnished to the company by the said vendor on demand.

"In consideration of five and no/100 dollars ($5.00) additional premium, this company subject to all the terms and conditions stated herein and subject to all the terms and conditions of said policy (in so far as same do not conflict with the specific undertaking and conditions of this indorsement), also insures the said vendor against all direct loss or damage which he may sustain caused by the fraudulent concealment or disposal of said automobile by the vendee. . . . "

Later in the year Aguirre took the auto into Mexico and refused to return it to plaintiff. The latter made every reasonable effort to get it back but was unable to do so. In February, 1922, plaintiff brought suit on the notes and to foreclose the real estate mortgage given to secure them. He obtained judgment and after the property was sold thereunder there was a balance due on the judgment of $1,182.84. Thereafter plaintiff brought this action on the policy for the $1,182.84, for $210 statutory penalty and attorney's fees of $400, his complaint setting up the necessary allegations. Defendant answered with a general denial, except as to the issuance of the policy, and interposed three special defenses: First, that the amount of the notes last given by Aguirre represented other things besides the purchase price of the auto; second, that by reason of the additional security the loss alleged had not been sustained; third, that plaintiff had failed to procure a warrant of arrest for Aguirre as he was required to do by the policy, and that he had failed to take possession of the property in

Mexico. The case was tried before the court without a jury, and findings of fact duly made and filed. On these findings the court rendered judgment for the $1,182.84, for $117.43 statutory damages, $200 attorney's fees and costs. After a motion for new trial was made and overruled, defendant appealed.

We will discuss the assignments of error in the order in which they have been argued by defendant. The first is that the transaction of January, 1921, was an absolute sale and, as the clause sued on only applied while the conditional sales contract was in force, the policy was void. But the trial court found on sufficient evidence that the conditional sale agreement was still in force, which disposes of that issue. Nor is there merit in the contention that the policy was terminated by the suit to foreclose the real estate mortgage. The breach of the policy, if any, had occurred long before such suit, and the rights of plaintiff thereunder had vested.

It is further claimed that it appears the car was taken to Mexico by Aguirre and kept there more than fifteen days, which defendant insists voids the policy. It will be noted the body of the policy, which states the insurance runs "while within the limit of the United States," expressly excludes any liability for embezzlement, conversion, or secretion by a vendee under a conditional sales agreement, and both plaintiff and Aguirre were insured thereby. In consideration of an additional premium the policy was extended to cover the risks stated therein while in the state of Sonora for a period of fifteen days, the protection still being to plaintiff and Aguirre as their interests might appear. But when in consideration of a third premium a third rider was added, setting up the delivery of the auto by plaintiff to Aguirre under the conditional sales contract, the loss was payable to plaintiff only, and he was insured specifically

against the acts of Aguirre. The very purpose of the rider was to cover Aguirre's doing things like that which he actually did, that is, fraudulently disposing of and concealing the auto, so that plaintiff could not recover it. To hold that his taking the car into Mexico rendered the policy nugatory would defeat the very purpose for which plaintiff paid his premium and we should not, and indeed by its terms are not required to, read into the rider that provision of the original contract which is contrary to the purpose of the former. The rider in effect created a new and different contract of insurance from that of the original policy, except as the latter's conditions were in harmony with the new contract, and we think a holding that the keeping of the car in Mexico over fifteen days by Aguirre would destroy the rights of plaintiff, would be in direct "conflict with the specific undertaking" covered by the rider, and that so far as the situation shown in this case is concerned, the fifteen-day limitation did not apply to a loss suffered by plaintiff under this rider, whatever would have been the result had the action been for recovery for a fire or theft loss under the body of the policy. The court found that plaintiff made proof of the loss as required by the policy, and we think the evidence fairly supports the finding.

The above rulings dispose of defendant's contentions so far as the general judgment is concerned. There remains, however, the question of the allowance of the penalty and attorney's fee. The provisions covering this are found in paragraph 3441, R. S. A. 1913 (Civ. Code). That the statute is constitutional cannot now be denied. *Germania Fire Ins. Co.* v. *Bally*, 19 Ariz. 580, 173 Pac. 1052, 1 A. L. R. 488; *Springfield Fire & Marine Ins. Co.* v. *Goodgame*, 20 Ariz. 425, 181 Pac. 190.

It is contended, however, that the penalty applies only to a strictly fire loss and not to one of this nature, and that it would be manifestly unfair, and indeed unconstitutional, if we construed the statute to mean that an insurance company doing both fire and vehicle insurance was compelled to pay a penalty for a loss on the latter character of business, while a company confining its business solely to policies of that kind would pay nothing. It is very evident on reading paragraph 3441, *supra,* that it deals with the question of fire insurance solely. The paragraph, which is rather lengthy, need not be quoted in full, but the clause on which recovery is based is the last sentence therein, and reads as follows:

"In all cases where a loss occurs and the fire insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, 15 per cent damages on the amount of such loss, together with all reasonable attorney's fees for the prosecution and collection of such loss."

A careful perusal of the Insurance Code of Arizona found in title 24, R. S. A. 1913 (Civ. Code), will show that all the regulations and they are many, set forth therein, are based rather on the character of the business done than the name used by the particular company.

We are of the opinion that the "loss" referred to in paragraph 3441, *supra,* refers to a fire loss under the regular fire insurance policy required by paragraph 3440, R. S. A. 1913 (Civ. Code) and not to a loss incurred by insurance not ordinarily known as fire and marine. The loss in question obviously was not one of that class, and the penalty and attorney's fee was improperly allowed. Just why the legislature should limit this recovery to the particular class

of business which it did, we cannot say, but any change in the law must be made by it and not by us.

The judgment cannot stand as rendered, but we see no necessity for a new trial. It is modified by striking therefrom the penalty and attorney's fee allowed therein, and as modified is affirmed. Defendant will recover its costs herein.

McALISTER, C. J., and ROSS, J., concur.