[Civil No. 2484.   Filed October 5, 1926.]

[249 Pac. 761.]

NORTH BRITISH & MERCANTILE INSURANCE COMPANY, LIMITED, Appellant, v. SAN FRANCISCO SECURITIES CORPORATION, Appellee.

1. INSURANCE—GENERAL RULE IS THAT FAILURE TO STRICTLY COMPLY WITH EXPRESS WARRANTIES WILL AVOID POLICY.—General rule is that express warranties in insurance policy are agreements in nature of conditions precedent, and failure to strictly comply with them will avoid policy.

2. INSURANCE.—Insurance contract is construed most strongly against insurer.

3. INSURANCE.—Forfeiture of policy will not be declared if under any reasonable theory of construction it can be avoided.

4. INSURANCE.—Policy expressly making statement of year model of automobile a warranty, and providing that policy should be void for misrepresentation of material fact, was not void for false statement as to year model unless it was a material fact.

5. INSURANCE—INSURER HELD REQUIRED TO SHOW THAT WARRANTY AS TO YEAR MODEL OF AUTOMOBILE WAS "MATERIAL FACT OR CIRCUMSTANCE" TO AVOID LIABILITY, UNDER PROVISION FOR VOIDING

---

1.  See 14 Cal. Jur. 494.
2.  See 14 Cal. Jur. 443; 14 R. C. L. 926.
3.  See 14 Cal. Jur. 448.
4.  See 14 Cal. Jur. 491, 492.
5.  Effect on statement of its designation in application as warranty, see note in 15 Ann. Cas. 621. See, also, 14 R. C. L. 1029.

POLICY.—Where there was false statement of express warranty as to year model in automobile policy, which provided that it should be void for misrepresentation of material fact or circumstance, insurer must allege and prove that such warranty was "material fact or circumstance" to avoid liability.

6. INSURANCE—DELAY IN SERVING PROOF OF LOSS HELD NOT TO MAKE AUTOMOBILE POLICY VOID.—Delay in serving proof of loss *held* not to make automobile policy void, in absence of express provision that it should be void in such case.

7. INSURANCE—IN SUIT, UNDER AUTOMOBILE FIRE AND THEFT POLICY, FOR LOSS BY FIRE, PLAINTIFF HELD NOT ENTITLED TO PENALTY AND ATTORNEY'S FEES (CIV. CODE 1913, PARS. 3440, 3441).—In suit under automobile fire and theft policy for loss by fire, plaintiff *held* not entitled to penalty and attorney's fees, under Civil Code of 1913, paragraph 3441; policy not being of character described by paragraph 3440.

See (1) 32 **C. J.**, p. 1275, n. 60. (2, 3) 13 **C. J.**, p. 370, n. 25; 22 **C. J.**, p. 148, n. 67; 32 **C. J.**, p. 1152, n. 94, p. 1155, n. 5, p. 1156, n. 6, 7, p. 1296, n. 52. (4) 32 **C. J.**, p. 1288, n. 53; 28 Cyc., p. 50, n. 59 New. (5) 28 Cyc., p. 50, n. 59 New. (6) 33 **C. J.**, p. 14, n. 44. (7) 33 **C. J.**, p. 150, n. 92, 93.

APPEAL from a judgment of the Superior Court of the County of Yuma. Fred L. Ingraham, Judge. Judgment modified and affirmed.

Messrs. Robertson & Campbell and Mr. W. W. Hindman, for Appellant.

Mr. A. J. Eddy, for Appellee.

LOCKWOOD, J.—On or about March 10th, 1922, one A. H. McClure sold to Harmon Temple a certain Chalmers automobile, under a conditional sales contract. McClure on the same date sold the contract to the San Francisco Securities Company, a corporation, hereinafter called plaintiff. The latter immediately secured from the North British & Mercantile Insurance Company, Limited, hereinafter called de-

6. Effect of failure to make proof of loss within time required in policy in the absence of forfeiture clause, see note in **L. R. A.** 1915F, 1210. See, also, 14 Cal. Jur. 571; 14 **R. C. L.** 1326.

fendant, an insurance policy, insuring plaintiff against loss by fire, theft, or pilferage of the car, in the sum of eight hundred dollars. April 6th, 1922, the automobile was destroyed by fire, and on June 5th plaintiff mailed to defendant proofs of loss, which were received by the latter on June 6th. On April 6th, 1923, plaintiff brought suit against defendant on the policy, and on May 19th, 1925, the case having been heard by the court without a jury, judgment was entered against defendant for eight hundred dollars with interest at six per cent per annum from the fifth day of August, 1922, and for the further sum of one hundred twenty dollars as damages and three hundred fifty dollars as attorney's fees, under the provisions of paragraph 3441, Civil Code, Revised Statutes of Arizona of 1913. After motion for new trial was made and overruled, defendant appealed to this court.

There are three questions of law raised by the appeal, the first being that the insurance policy was void because of a breach of warranty, it being alleged that the policy described the car in question as a 1918 year model, while in truth and in fact it was a 1915 or 1916 year model; second, that the proof of loss was not served on or delivered to defendant within sixty days after the fire, as provided by the policy of insurance; and, third, that, if plaintiff was entitled to recover anything, it was not entitled to either penalty or attorney's fees under paragraph 3441, *supra.*

It is the contention of defendant that, where an insurance policy contains certain statements of fact which are express warranties, these warranties are agreements in the nature of conditions precedent and must be strictly complied with, and, if they be not so complied with, the policy is void. Taken as a general statement of law, this is correct. *McKenzie* v. *Scottish Union & Nat. Ins. Co.,* 112 Cal. 548, 44

Pac. 922; *Aetna Life Ins. Co.* v. *France,* 91 U. S. 510, 23 L. Ed. 401 (see, also, Rose's U. S. Notes); *Kenney* v. *Franklin Fire Ins. Co.* (Mo. App.), 247 S. W. 249; *Felakos* v. *Aetna Ins. Co.* (N. J. Sup.), 119 Atl. 277.

The rule, however, is a harsh one, and especially so in contracts of insurance. These are always prepared by the insurer, are carefully framed in its interests, and seldom fully understood or even read in the entirety by the insured. In the vast majority of cases even the statements of fact made therein are suggested by the agent of the insurer. It is of course true that ignorance of the law excuses no man, and a party is presumed to read and understand the contract he signs, but because of the facts and conditions to which we have referred above, it is practically a universal rule of construction that an insurance contract is construed most strongly against the insurer. 32 C. J. 1152. It is also the rule of law that a forfeiture of a policy will never be declared if under any reasonable theory of construction it can be avoided. 32 C. J. 1296.

There are two clauses in the insurance contract in the case at bar which bear on this question. We quote them as follows:

"The following are statements of fact known to and warranted by the assured to be true, and this policy is issued by the company relying upon the truth thereof. . . . The following is the description of the automobile: Model year 1918. . . .

"This policy is made and accepted subject to the provisions, exclusions, conditions, and warranties set forth herein or indorsed hereon. . . . The assured's occupation or business where the subject of this insurance is used in connection therewith, the description of the automobile insured . . . as set forth and contained in this policy, are statements of facts known to and warranted by the assured to be true, and this policy is issued by the company relying upon the truth thereof. . . . This entire policy shall be void if the assured has concealed or misrepresented any ma-

terial fact or circumstances concerning this insurance or the subject thereof. . . . ''

It will be seen by these quotations that, while the statement of the year model of the automobile is expressly made a warranty, and defendant issued the policy relying upon the truth thereof, it does not expressly state that the policy shall be void for the failure of any warranties. On the contrary, it says that it shall be void if there has been a concealment or misrepresentation of any *material* fact or circumstances concerning the insurance. We think that with policies of this nature the law is well stated in the case of *Phoenix Assur. Co. of London* v. *Munger Imp. Cotton M. M. Co.*, 92 Tex. 297, 49 S. W. 222. We quote therefrom:

"A warranty in an insurance contract is a statement made therein by the assured which is susceptible of no construction other than that the parties mutually intended that the policy should not be binding unless such statement be literally true. . . . We come then to look to the instrument to determine whether its terms are such as to demand the finding of such intent therefrom. In the first part of this contract, . . . we find numerous statements by the assured. . . . Without so deciding, we may here assume that from the mere reference to them as the assured's warranties the legal conclusion would ordinarily follow that, the parties having used a technical term and being presumed to have understood its legal meaning, intended to make the binding force of the policy dependent upon the absolute truth of each statement. This would have been a severe contract upon the assured, for it would have left him without insurance if any statement, however unimportant, were not literally true. . . . Assuming that the company wished to deal fairly, that the assured really desired insurance, and that they both understood the technical meaning of the word 'warranty,' it is but rational to suppose that they would not wish to take the chance of the court's holding that they, by the use of that term, intended to

leave the property uninsured in case either of such statements were or should turn out to be not exactly as represented. The next and most natural thing would have been to insert some such stipulation as that above quoted, avoiding the policy if the assured had misrepresented any 'material fact or circumstance,' thus showing that they did not wish to be understood as having previously used the word 'warranty' in its technical sense; i. e., did not intend to be understood as having agreed that the policy should be of no effect if any of the preceding statements should be untrue in some immaterial particular. . . . ''

The policy in the case from which we have just quoted contains the provision:

''This entire policy shall be void if the insured has concealed or misrepresented, . . . any material fact or circumstance concerning this insurance, or the subject thereof,''

—which is in substance the same as that contained in the policy in the case at bar. So also in the case of *Aetna Ins. Co.* v. *Simmons,* 49 Neb. 811, 69 N. W. 125, the court says:

''In the case at bar the application and the policy issued in pursuance thereof must be read and construed together; and, since the application recites that every statement made therein by the assured is a warranty, and the policy provides that it should be void if the assured had concealed or misrepresented any *material* fact concerning the insurance, we conclude that at least a doubt exists as to whether the contracting parties intended that each statement made by the insured in his application should be a warranty, and accordingly hold that the statements made by the insured in his application were representations, and not warranties. If it had been the intention of the parties that every statement made by the insured in his application should be a warranty, then it was wholly unnecessary to provide in the policy that it should be void if the assured made any false representation as to a fact material to the insurance. . . . ''

In *Del. Ins. Co. of Phila.* v. *Harris,* 26 Tex. Civ. App. 537, 64 S. W. 867, we find the following language:

"Where, however, there is language in the contract which will warrant the inference that a forfeiture will not be insisted upon where the statements, though false, are not material to the risk, the courts will construe such statements as representations, and will not forfeit the policy unless material to the risk. There are provisions of the contract under consideration which would make the statements made by the insured in his application warranties, were it not for another provision of the policy which is as follows: 'This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof.' . . . We therefore conclude that the statements made by the insured and relied on as grounds of forfeiture were not warranties, but representations. The inquiry then is whether or not the statements were untrue in such material particulars as to annul the policy. . . . "

So, also, in *Eddy* v. *Hawkeye Ins. Co.,* 70 Iowa, 472, 59 Am. Rep. 444, 30 N. W. 808, the policy contained this clause:

"That the basis of this contract is the said application and obligation, which shall be deemed and taken as a part of this policy, and as a warranty on the part of the assured, and any false or untrue answers or statements therein, material to the hazard of the risk, shall render this policy null and void. . . . "

And the court held that, in order to void the policy, it must appear that the alleged false statement was not only false but material.

In *Waterbury* v. *Dakota F. & M. Ins. Co.,* 6 Dak. 468, 43 N. W. 697, the policy contained this provision:

"It is expressly agreed that the application of even number herewith, on file in the office of this

company, shall be considered a part of this contract, and a warranty by the assured, and to which application reference is here made for a more particular description of said property insured; and any false representation by the assured of his interest in the property, the condition, situation, or occupancy of the property, or omission to make known every fact material to the risk, . . . " should render the policy void.

The court held:

"When the policy refers to the application, and adopts it as part of the insurance contract, the statements in the application, relative to the situation, use, and character of the risk, have the same force and effect as if written on the face of the policy, and are to be considered warranties, unless from the language used it is evident that the parties did not intend them to operate as warranties, but as representations. . . . In the absence of statutory provisions to the contrary, the well-settled law of insurance is that a warranty is in the nature of a condition precedent, whereby the assured stipulates for the absolute truth of the statement made, or the strict compliance of some promised line of conduct, on penalty of his forfeiture of his rights to recover, entirely without regard to the question of materiality to the risk. . . . The harshness of this doctrine has been frequently recognized, but, as it was held to be founded in the contract of the parties, the courts have adhered to it, and have felt themselves powerless to relieve against it, except in the interpretation of the contract itself. Having indemnity for its object, the contract is construed liberally to that end; and no rule is better settled, or more imperative and controlling, than that it is to be interpreted liberally in favor of the assured, so as not to defeat, without a plain necessity, the indemnity, which, in making the insurance, it was his object to secure. So where doubt exists as to whether a warranty or a representation is intended, and the language is susceptible of both interpretations, it will be held to be a representation so as to allow

the assured to take advantage of its immateriality or its substantial truth.''

See, also, *Redman* v. *Hartford Ins. Co.*, 47 Wis. 89, 32 Am. Rep. 751, 1 N. W. 393; *Garcelon* v. *Insurance Co.*, 50 Me. 580.

We are therefore of the opinion, construing the various clauses of the contract above quoted together, that a false representation of fact contained therein, even though it was characterized as a warranty, did not void the contract unless it was of a ''material fact or circumstance.'' It was of course necessary for defendant, under this state of the law, to both allege and prove that the false representation was material. This it has utterly failed to do, and we cannot on this appeal supply the omission.

The second objection is that the proof of loss was not served within sixty days. The policy on this point reads as follows:

''In the event of loss or damage the assured shall give forthwith notice thereof in writing to this company; and within sixty days after such loss, unless such time is extended in writing by this company, shall render a statement to this company signed and sworn to by the assured, stating the place, time, and cause of the loss or damage. . . . ''

There is no express provision in the policy to the effect that it shall be void in case such proof has not been made within the sixty days aforesaid. There are many facts appearing in the record tending to show that the defendant had waived the provision requiring proof of loss to be made in sixty days. We need not, however, consider this, for we have recently held in the case of *Watson et al.* v. *Ocean Acc. & Guar. Co., Ltd.*, 28 Ariz. 573, 238 Pac. 338, referring to the question of whether or not a policy is forfeited for failure to give notice within the time required therein:

"But, where there is no such express provision in the policy, the failure to make proof in the time required thereby merely postpones the time of bringing suit, and, if notice and proof are subsequently served, the insured may recover, provided, of course, the time specified in the policy within which the action may be brought has not expired"—citing cases.

When, however, it comes to the question of damages and attorney's fees, the position of the defendant has been sustained by this court in the case of *Pennsylvania Fire Ins. Co.* v. *Johnson,* 28 Ariz. 448, 237 Pac. 634, wherein we say:

"We are of the opinion that the 'loss' referred to in paragraph 3441, *supra,* refers to a fire loss under the regular fire insurance policy required by paragraph 3440, R. S. A. 1913 (Civil Code), and not to a loss incurred by insurance not ordinarily known as fire and marine. The loss in question obviously was not one of that class, and the penalty and attorney's fee was improperly allowed. Just why the Legislature should limit this recovery to the particular class of business which it did, we cannot say, but any change in the law must be made by it and not by us."

While the loss in this case was by fire, it was not under a policy of the character prescribed by paragraph 3440. Such being the case the damages and attorney's fees were not provided for by statute, and should not have been allowed by the court.

The judgment is therefore modified by striking therefrom the penalty and attorney's fee allowed therein, and, as modified, is affirmed. Defendant will recover its costs herein.

McALISTER, C. J., and ROSS, J., concur.