[Civil No. 4367. Filed November 3, 1941.]

[118 Pac. (2d) 445.]

R. G. COLLISON and M. A. OHLSON, Appellants, v. INTERNATIONAL INSURANCE COMPANY, a Corporation, Appellee.

157

Mr. John W. Ray, of Phoenix, Arizona; Mr. Clifford A. Jones and Mr. A. P. G. Steffes, of Las Vegas, Nevada, for Appellants.

Messrs. Perry, Silverthorn & Johnson, for Appellee.

LOCKWOOD, C. J.—International Insurance Company, a corporation, called plaintiff, brought suit against R. G. Collison and M. A. Ohlson, called defendants. Paul Ohlson was also a nominal defendant. The charging part of the complaint reads as follows:

"2. During the period from July 1, 1938, to April 28, 1939, defendants, R. G. Collison and M. A. Ohlson, had and received the sum of Two Thousand Fifty-two and 89/100 Dollars, the property of the plaintiff, which said sum said defendants promised to pay plaintiff, but have failed so to do, although payment thereof has been duly demanded."

Defendants answered with a general denial. The case came for trial before the court sitting without a jury, the principal witness for plaintiff being Joe L. Schmitt, Jr., the insurance examiner for the Arizona Corporation Commission and a graduate examiner of the National Association of Insurance Commissioners. A duplicate of a report made by him to the corporation commission of the result of his examination, during May, 1939, of the affairs of the plaintiff was put in evidence, as were the records on which the report was based, and they were explained to a great extent by the oral testimony of the witnesses.

Defendants were respectively vice president and secretary-treasurer of plaintiff during all the times involved in this action. The evidence of Schmitt, together with the records and his report to the corporation commission reasonably sustained the conclusion reached by the trial court that defendants had improperly applied $2,027.89 belonging to plaintiff, which had come into their hands as such officers, and judgment was rendered against them for that amount, whereupon this appeal was taken.

 There are seven assignments of error which raise, in substance, three questions of law for our consideration. The first is whether it was error to receive in evidence the written report of Schmitt above referred to. It was objected to on the ground that it contained argumentative matter, opinions and conclusions of law of the witness. There can be no question that generally speaking the testimony of qualified accountants as to facts shown by their examination of the records of a party to an action is competent evidence. *Cornes* v. *United States,* (9 Cir.) 119 Fed. (2d) 127; 22 C. J. 537, and cases cited.

 The original records, upon which the report of Schmitt was based were introduced in evidence and were available to defendants. The witness was cross-

examined by their counsel most thoroughly. It is true that those portions of the report which contained conclusions of law and argumentative matter were not properly admissible as evidence, and had the case been tried to a jury there might have been a serious question raised. When, however, a case is tried to the court without a jury, even though improper evidence is offered and received, if there is competent evidence sufficient to support the judgment, it will be sustained regardless of the error, for we must assume that the court considered only the competent evidence. *Home Owners' Loan Corp.* v. *Bank of Arizona*, 54 Ariz. 146, 94 Pac. (2d) 437; *In re Guardianship of Sorrells* (*Sorrells* v. *Bergier*), *ante*, p. 25, 117 Pac. (2d) 96. We think there was no reversible error under the circumstances in admitting the report of Schmitt, and further that on the case as a whole there was sufficient evidence before the trial court to sustain the judgment.

█ It is true there was evidence offered by the defense which might have permitted a contrary conclusion on some, at least, of the items involved, but this was a matter for the trial court to decide, and we do not consider the weight of the evidence. *Dunseath* v. *Tucson Golf & Country Club*, 51 Ariz. 14, 74 Pac. (2d) 43; *Thornburg* v. *Frye*, 44 Ariz. 282, 36 Pac. (2d) 548.

There is, however, one question raised which is worthy of serious consideration. Plaintiff alleged in its complaint that the period during which defendants had received the money involved herein began with July 1, 1938, and ended with April 28, 1939, and the evidence is of such a nature that it cannot be determined definitely that something over one thousand dollars of that amount was not received and misapplied prior to July 1, 1938. It is urged that so far as this amount at least is concerned, the issue is not within the pleadings, and that since there is nothing in the record to show that there was an effort to amend

the pleadings to conform to the evidence, the judgment rendered thereon cannot be sustained.

Plaintiff admits this to be the general rule but appeals to section 21–449, Arizona Code 1939, which reads so far as material as follows:

"*Amendments to conform to the evidence.*—When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

and insists that there was an implied consent that the issue in regard to this amount, although not raised by the pleadings, might be and was tried by the implied consent of the parties. In support of this it calls our attention to the reporter's transcript. This shows that when plaintiff attempted to offer evidence in regard to transactions occurring prior to July 1, 1938, defendants objected on the ground that such evidence referred to transactions occurring several months before the period upon which the complaint was based. There was considerable discussion and the court finally said that the evidence might be admitted subject to the objection, and if it later appeared that it was inadmissible for any purpose in the case, the court would disregard it. The following colloquy then occurred:

"Mr. Steffes: May I suggest at this time, your Honor, that . . . I have no objection to the court looking at the document and even having it go into evidence if we can have a stipulation that where we object that the court may have it introduced in the evidence subject to our later making a motion to strike. In other words, we will make a motion to strike at

the end of all the evidence where the court would be in a better position then to determine its pertinency and relevancy. . . . So it will be stipulated that wherever we make an objection to any evidence, the objection may be overruled subject to our right later to make a motion to strike the evidence on the ground—

"Mr. Perry: (Interrupting) I don't think we need any stipulation on it. That is the rule in this case. That is our rule here.

"Mr. Steffes: Sometimes, unless we have that stipulation, you might waive your right to move to strike.

"The Court: Yes, I understand the motion is with reference to the admissibility here, for the purpose of protecting the record.

"Mr. Steffes: Yes, and I will do that at the end of the case, move to strike.

"The Court: And the instruments are admitted, all of them, subject to the objections interposed as to their admissibility and the ruling upon those matters is reserved until final consideration of the case.

"Mr. Steffes: That is satisfactory, Your Honor."

Further evidence of misapplication of funds before July 1, 1938, was then offered and admitted over the objection.

No motion to strike any of the evidence was made at the conclusion of the case, and it is urged by plaintiff that this shows an implied consent that the issue of the alleged misapplications might be tried, even though they were made before July, 1938.

We have held even before the formal adoption of section 21-449, *supra*, that where the record clearly and affirmatively shows that counsel have agreed to try, and have tried, a case on an issue not set forth in the pleadings, we would not disturb a judgment which was supported by ample evidence merely because the pleadings had not properly raised such issue. *Salt River Valley Water Users' Ass'n* v. *Berry*, 31 Ariz. 39, 250 Pac. 356.

162

The question is as to whether the record does show that the issue was so tried. In determining questions of this character no general rule can be laid down. Each case depends upon the facts as shown by the record of that particular case. We think, however, that when the pleadings present affirmatively certain issues or limitations of issues, in order that we should hold the case was tried on any other theory, there must be some affirmative showing in the record that such was the fact, and that in the absence of such a showing the presumption is that the case was tried on the issues set forth in the pleadings only. In the present case, however, we believe that the burden incumbent upon the plaintiff to show the implied consent was successfully met by an affirmative showing of the record.

There are some other minor assignments of error which we have considered but do not consider it necessary to discuss.

Since it appears upon the whole case that no reversible error was committed, the judgment is affirmed.

McALISTER and ROSS, JJ., concur.