257 P.2d 856

**AMERICAN EAGLE FIRE INS. CO. et al.**
**v. VAN DENBURGH et al.**

No. 5572.

Supreme Court of Arizona.

June 1, 1953.

Rehearing Denied June 30, 1953.

2

Theodore G. McKesson and Robert H. Renaud, of Phoenix, for appellants.

H. M. Van Denburgh and Lin H. Orme, of Phoenix, for appellees.

STANFORD, Chief Justice.

This is an appeal by four appellant insurance companies, who were defendants below, from a judgment against them and a denial of their motion for a new trial. Actions were instigated against each of the insurance companies by appellees, John P. Van Denburgh and Jewell Turner, plaintiffs in the lower court. These actions were consolidated into one action and thus tried by the lower court sitting without a jury. Judgment was rendered in favor of appellees for $560 against each company together with interest and taxable costs.

The lower court made findings of fact and conclusions of law as requested by the appellant companies at the beginning of the trial.

The facts are that appellee Van Denburgh owned, during all dates and times herein mentioned, a tract of land consisting of 70 acres located in the Roosevelt Irrigation District a short distance northwest of Buckeye, Arizona. Both appellees farmed the above-mentioned tract, together with other land, to cotton during the year 1949 under a joint adventure agreement. In April, 1949, the appellant companies each issued policies of insurance indemnifying appellees against losses to their crops by hail. Each appellant insured appellees to the extent of $20 per acre on said 70 acres, or a total coverage of $5,600.

On October 18, 1949, a hail storm struck the cotton crop growing on said 70 acres resulting in considerable damage to the unopened bolls. The evidence indicates that 50 per cent of the crop was matured at the time the hail storm occurred. The appellants were notified immediately of the loss by appellees, and within a few days appellants sent an insurance adjuster to inspect the cotton crop. Having inspected the crop, the adjuster denied there was a loss and damage by hail equal to five per cent or more of the particular crop so damaged as the policy required before the appellants should become liable thereon. The provision for a five per cent loss or more is found in paragraph 14 of the "Stipulations and Conditions" of each policy issued by said appellants and reads in part as follows:

"This Company shall not be liable for loss or damage by hail to any crop herein described or any part thereof unless such loss or damage equals five per cent (5%) or more of the particular crop so damaged, at date of loss; * * *"

Appellees thereafter made demand of the appellants that they adjust and pay said alleged losses, but appellants refused to do so.

The first assignment of error set forth by appellants alleges that the trial court erred in denying their motion for judgment based on a provision of the policies with which appellants contend appellees did not comply. The provision reads in part as follows:

"Endorsement. It is a condition of this policy * * * the assured hereby agrees to keep an accurate record of the date each portion of the crop shows a stand, and that in case of loss under this policy, assured will produce said record and make affidavit certifying to the correctness of the stand dates for each portion of the crop insured."

Appellants contend that appellees at no time produced any records pertaining to the stand.

We hold that this assignment is not well taken in view of the fact that appellants, after having examined the damaged cot-

ton crop of appellees, denied liability on the ground that there had not been a five per cent loss and did not assign as the basis for its refusal that appellees had failed to submit the records referred to above. The appellants at no time during the trial attempted to prove that the cotton had not come to a stand at the time of the hail storm. What purpose such records would serve was not shown by appellants at any time during the trial, nor is the purpose set forth in support of this assignment.

Appellants assign as error the trial court's finding of fact number 4 stating in part:

"* * * That the plaintiffs have duly performed all of the terms and conditions of said four insurance policies upon their part to be kept and performed."

for they contend that appellees have never submitted a statement and proof of loss as required in paragraph 27 of the "Stipulations and Conditions". It is true that the lower court found as a fact that the appellees had not submitted any statement of proof of loss; however, that court did find that the appellants had waived the right to demand such statement when they denied liability on the ground that there was not damage to the extent of five per cent of the entire crop. We hold that the trial court was correct in finding that the appellants had waived their rights to in-

sist upon the failure of the appellees to make proof of loss within sixty days after the loss as is required by the policy. Great American Ins. Co. v. Harrington, 127 Okl. 13, 259 P. 582; 29 Am.Jur., Insurance, Section 1143.

Appellants contend that it was error for the trial court to find that appellees had suffered damage to the extent of 40% of the whole crop, matured and unmatured cotton, when the policy provides in paragraph 6 of the "Stipulations and Conditions" that the liability of the company is to be reduced in the same proportion as the cotton matures:

"* * * on cotton, the liability under this policy shall be reduced in the same ratable proportion in which said cotton crop, or any part thereof, matures. When a cotton boll opens, it shall be considered as matured, and all liability thereon is terminated. * * *"

Appellants point out that the trial court did find that 50% of the cotton in the 70 acres under consideration was mature at the time of the storm. Therefore, the appellants urge, if the trial court found damage both to mature and unmature cotton, it could only hold the appellants liable for the damage to the unmature cotton.

The amount of coverage of the four policies originally was $5,600. According to the provision of the policy quoted above and the finding of the trial court that

50% of the crop had matured prior to the storm, the appellants were not liable for any damage in excess of $2,800. If we apply the figure of 40% as found by the lower court to be the extent of damage to mature and unmature cotton to the $2,800, then we arrive at the sum of $1,120 as the amount appellants are liable for. In support of this latter amount, which appellants contend is the extent of their liability if they are liable at all on the policies, they call our attention to paragraph 22 of the "Stipulations and Conditions" which reads as follows:

"In the event that any crop herein described is damaged or destroyed by hail, the amount payable hereunder shall in no event exceed the same percentage of the amount of insurance applying to the particular crop so damaged or destroyed at the date of loss, as the ascertained percentage of loss or damage by hail only bears to the whole of the particular crop or crops so damaged or destroyed at the date of the loss; nor in any event exceed the actual loss or damage sustained by hail only, nor exceed the amount of insurance applying to the particular crop so damaged or destroyed."

This court complied with the provision above quoted when it took the percentage of loss as found by the lower court, viz. 40% and applied it to the percentage of insurance applying to the cotton crop at the time of the storm, viz. 50% of the origi-

nal amount of the policies, or $2,800. However, we believe the lower court arrived at the correct result in finding that appellants were liable for $2,240, or $560 each. There is ample evidence that the damage was entirely restricted to the unmature cotton. No evidence was submitted by either party that the open bolls were damaged.

We quote from portions of the trial court's findings of fact to show that it was his opinion that the unmatured cotton sustained all of the damage:

"(2) That on Tuesday, October 18, 1949, at about the hour of 1:00 p. m., a hail storm struck said crop of cotton, and damaged unopened bolls to such extent that such unopened bolls did not mature and were partially lost. * * *

\* \* \* \* \* \*

"\* \* \* That the actual loss and damage sustained by plaintiffs by hail only, on said unmatured crop, that is to say, on said unopened bolls, as aforesaid, exceeded said sum of $2,-240.00."

We are of the opinion that what the trial court meant was that the unmatured cotton was damaged in an amount equal to 40% of the whole crop or 80% of the unmatured portion thereof. The effective insurance was $2,800 on unmature cotton. 80% of $2,800 equals $2,240, the amount of the damages found by the court.

We repeat what this court has said before, that a correct decision will not be

6

disturbed or reversed because the court gave a wrong or insufficient reason therefor. Harper v. Independence Development Co., 13 Ariz. 176, 108 P. 701; Crook v. Crook, 19 Ariz. 448, 170 P. 280; Miller v. Arizona Bank, 45 Ariz. 297, 43 P.2d 518.

We therefore hold that the lower court properly found for the appellees in the amount of $2,240.

Appellants complain of the trial court's rulings on the admission of testimony they objected to. We may quickly dispose of these assignments by quoting from a portion of our holding in Home Owners' Loan Corp. v. Bank of Arizona, 54 Ariz. 146, 94 P.2d 437, 442:

"* * * We do not discuss these assignments for the reason that we assume that if the court received improper evidence it did not consider it but considered only the competent evidence. When a case is tried to the court without a jury, even though improper evidence is offered and received, if the competent evidence is sufficient to support the judgment it will be sustained regardless of the error. * *"

See also Collison v. International Ins. Co., 58 Ariz. 156, 118 P.2d 445; Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215.

We have carefully considered the other assignments of error not taken up and find they have either been disposed of herein or that they are without merit.

We will now consider appellees' cross-appeal in which they allege they are entitled to damages and attorney's fees as required by Section 61–503, A.C.A.1939.

We hold that this section refers only to a loss occasioned by fire, as it is contained within the article pertaining to fire insurance. See Pennsylvania Fire Ins. Co. v. Johnson, 28 Ariz. 448, 237 P. 634; North British & Mercantile Ins. Co. v. San Francisco Securities Corp., 30 Ariz. 599, 249 P. 761.

Appellees also contend under said cross-appeal that they are entitled to interest at the rate of 6% per annum from December 24, 1949. The policies provide that losses are due and payable 60 days after notice and compliance. Denial of liability under the policies was made October 24, 1949. However, this was an unliquidated claim, and the extent of loss was not known until determined by the trial court. We hold the trial court properly allowed interest from the date of the judgment.

We therefore hold that the trial court correctly granted appellants' motion to strike those portions of appellees' complaint which requested recovery of 15% penalties and attorney's fees.

Judgment affirmed.

PHELPS, LA PRADE, and UDALL, JJ., and DON T. UDALL, Superior Court Judge, concurring.

NOTE: Justice DUDLEY W. WINDES, being disqualified, the Honorable DON T. UDALL, Judge of the Superior Court of Navajo County, was called to sit in his stead.