367 P.2d 664

Gladys BONINE, Appellant,

v.

Glenn S. BONINE, Appellee.

No. 6818.

Supreme Court of Arizona.

In Division.

Dec. 27, 1961.

Bayham & Huffsteter, Phœnix, for appellant.

Scott, Cavness & Yankee, Phœnix, for appellee.

J. SMITH GIBBONS, Superior Court Judge.

Glenn S. Bonine, appellee, herein designated defendant, obtained a decree of divorce on his counterclaim from Gladys Bonine, appellant, herein called plaintiff, July 3, 1957. Based on a property settlement agreement dated June 27, 1957, said decree provided that defendant pay to the plaintiff $125 per month as and for support and alimony, until further order of the court.

September 15, 1958, defendant filed a petition for an order requiring plaintiff to show cause why the provisions of the decree granting alimony to the plaintiff should not be stricken and the requirement to pay the same terminated. After hearing thereon the court ordered that the decree be amended and payments therein required reduced from $125 to $50 per month.

From this order plaintiff appeals and as grounds therefor asserts:

1. That the court erroneously received in evidence a hearsay, irrelevant and immaterial document indicating that defendant's employer might merge certain divi-

sions of its transportation lines which would result in a reduction of defendant's income.

2. That the court erred in modifying the divorce decree without a showing in the evidence that the circumstances of plaintiff and defendant had substantially changed since said decree was rendered.

■ Defendant has tacitly recognized in his brief that plaintiff's first assignment has merit but urges that this error is not grounds for reversal in this case, if there is sufficient competent evidence to sustain the judgment. We are in accord with this position. In the case of Home Owners' Loan Corp. v. Bank of Arizona, 54 Ariz. 146, 158–159, 94 P.2d 437, 442 we said:

"The appellant complains of the court's rulings on the admission of evidence over its objections, such objections being upon various grounds. We do not discuss these assignments for the reason that we assume that if the court received improper evidence it did not consider it but considered only the competent evidence. When a case is tried to the court without a jury, even though improper evidence is offered and received, if the competent evidence is sufficient to support the judgment it will be sustained regardless of the error."

See also American Eagle Fire Ins. Co. v. Van Denburgh, 76 Ariz. 1, 6, 257 P.2d 856,

859; Duncan v. Mack, 59 Ariz. 36, 43, 122 P.2d 215, 219; Collison v. International Ins. Co., 58 Ariz. 156, 159, 118 P.2d 445, 446.

■ From the foregoing pronouncements it readily appears that the only question to be determined is whether or not there is sufficient competent evidence to support the judgment. In this regard there was evidence to the fact that the income of both parties had increased since the divorce: that of the appellee in the amount of $80 per month and that of the appellant in approximately the amount of $150 per month. There was conflicting evidence in regard to how much of the appellant's increased income was offset by expenses.

This question has been before us many times, ever since territorial days, and Judge Johnson speaking for the court in the case of Anderson v. Artesia Inv. Co., 66 Ariz. 335, 338, 188 P.2d 455, 457 set forth the governing principles. We quote:

"In considering questions of this nature we have repeatedly laid down the following rules, that where the evidence is in conflict, we will not substitute our opinion thereof for that of the trial court * * * that evidence will be taken in the strongest manner in favor of the appellee and in support of the court's findings * * * and that a judgment will not be disturbed

when there is any reasonable evidence to support it  \*  \*  \*."

See also Sturges v. Tongeland, 83 Ariz. 148, 149–150, 317 P.2d 941, 942.

Applying these rules in the instant case and bearing in mind that the trial court had the advantage of personal contact and observation of the parties, we feel that the order in question here is amply suported by the evidence and should be sustained.

Judgment affirmed.

JENNINGS and LOCKWOOD, JJ., concurring.