397 P.2d 214

The STATE of Arizona, Appellee,

v.

Nacho GARCIA, Appellant.

No. 1346.

Supreme Court of Arizona.

In Division.

Dec. 16, 1964.

Rehearing Denied Jan. 12, 1965.

Robert W. Pickrell, Atty. Gen., and Norman E. Green, County Atty. of Pima County, by Carl Waag, Deputy County Atty., for appellee.

S. Leonard Scheff, Tucson, for appellant.

BERNSTEIN, Justice.

Appellant was charged with the illegal possession of marijuana under A.R.S. § 36-1002.05. He was tried and convicted before Judge Alice Truman sitting without a jury in the Superior Court of Pima County. He was represented by counsel at the trial. Other counsel represents him on this appeal.

The officers testified that when appellant was arrested they found marijuana in the trunk of his car, and that residual traces of marijuana were found by laboratory tests of a coat alleged to belong to appellant. Appellant testified that others had access to his car and that he did not know the marijuana was there. Appellant is a Mexican national, illegally in this country. He has pled guilty to burglary charges numerous times, and in 1933 was convicted on a marijuana charge which was alleged as a prior conviction in the amended complaint upon which he was tried.

We consider appellant's assignments of error relating to the admission of evidence of other crimes.

Over objection by appellant's trial counsel, evidence was admitted that Alex Jacome's gasoline credit card was in appellant's wallet at the time of his arrest. The possession of this credit card connected appellant with a burglary for which he was scheduled to stand trial separately. Evidence was also introduced that appellant was wanted for burglary elsewhere, and that he was illegally in this country. It was error to admit any of this evidence. Thompson v. State, 21 Ariz. 268, 187 P. 579; State v. Thomas, 71 Ariz. 423, 229 P.2d 246; State v. Hunt, 91 Ariz. 145, 370 P.2d 640; State v. Kellington, 93 Ariz. 396, 381 P.2d 215; State v. Eddington, 95 Ariz. 10, 386 P.2d 20.

The result in this case depends on whether a rule of exclusion designed to protect juries from being misled by the introduction of inadmissible and prejudicial matter should be applied to a case which was tried by a judge without a jury. The Arizona Constitution was amended in 1960 to permit the waiver of a jury trial in Superior Court with the consent of the court in any criminal cause, Ariz.Const. Art. 6, § 17, A.R.S. The question here presented of the effect of the improper admission of testimony in a criminal case tried without a jury is thus one of first impression in this state.

■ In civil cases, it is the rule in Arizona that improper admissions into evidence will not be considered as error on appeal, where a case is tried to the judge without a jury, because of the presumption that the trial judge disregarded all inadmissible evidence in reaching his decision. If the competent evidence is sufficient to support the judgment it will be sustained regardless of the error. Miller v. Green, 3 Ariz. 205, 73 P. 399; Home Owners Loan Corp. v. Bank of Arizona, 54 Ariz. 146, 94 P.2d 437; Collison v. International Insurance Co., 58 Ariz. 156, 118 P.2d 445; American Eagle Fire Ins. Co. v. Van Denburgh, 76 Ariz. 1, 257 P.2d 856; Odom v. First National Bank of Arizona, 85 Ariz. 238, 336 P.2d 141.

In a criminal case tried before the court without a jury and involving the improper admission of testimony of other crimes, the Wisconsin Supreme Court said:

"When a person is charged with being guilty of a particular offense he has a right, which should not be trespassed upon at all, to have the evidence in support of such charge confined to that particular offense. That, of course, has nothing to do with the rule allowing evidence of a former conviction as bearing on the subject of credibility of the accused in case of his offering himself as a witness, nor the rule permitting proof of other offenses so intimately connected with the one charged as to be evidentiary of the intent essential. Cases of the latter character too often lead to the improper admission of evidence contrary to the general rule above stated. "Notwithstanding the foregoing the admission of the improper evidence does not give cause for a reversal here. In a case tried by the court the admission of improper evidence is to be regarded on appeal as having been harmless, unless it clearly appears that but therefor the finding would probably have been different." Topolewski v. State, 130 Wis. 244, 109 N.W. 1037, 7 L.R.A.,N.S., 756.

And in Peterson v. State, 157 Neb. 618, 61 N.W.2d 263, the court said:

"As stated in 3 Am.Jur., Appeal and Error, § 1040, p. 595: 'A conviction in a case tried without a jury will not be reversed on appeal for admission of improper evidence unless the court can see that the accused was prejudiced by the error.'

"The rule is the same in criminal cases, where a jury can be waived, as evidenced by the following from Birmingham v. State, 228 Wis. 448, 279 N.W. 15, 17, 116 A.L.R. 554: 'The rule which this court applies in reviewing a finding of a trial court, in either a civil or a criminal case, tried to the court, is that it is presumed that improper evidence taken under objection was given no weight in reaching the final conclusion unless the contrary appears.'"

Birmingham, referred to in the quotation above, also involved the admission of evidence of other crimes.

■ If this case had been tried by a jury, we would reverse because of the admission of prejudicial evidence of other crimes. It· was, however, tried by the judge, who found the appellant guilty. If the evidence that the coat which showed traces of marijuana was that of appellant is believed, the inference may be made that the appellant knew of the marijuana found in his ·car. We cannot say that it clearly appears that the finding would have been different if the evidence of other crimes had not been admitted.

■ The other assignments, except for the last, relate to other instances of references to other crimes. The final assignment charges the county attorney with suppression of a photograph which should have been offered in evidence, but the record shows that the county attorney offered to make it available, and the assignment is without merit.

Affirmed.

STRUCKMEYER and SCRUGGS, JJ., concurring.