449 P.2d 936

**STATE of Arizona, Appellee,**

v.

**Thomas FREDRICO, Appellant.**

**No. 1839.**

Supreme Court of Arizona.

In Banc.

Jan. 29, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, former Atty. Gen., Carl Waag, Asst. Atty. Gen., for appellee.

Wilmoth & Goldman, by Alan Goldman, Phoenix, for appellant.

McFARLAND, Justice.

The appellant, Thomas Fredrico, was convicted in the Superior Court for Yuma County on charges of child molestation and commission of lewd and lascivious acts. He was tried before the court without a jury upon stipulation of counsel and with his consent. Appellant sets forth two assignments of error as grounds for reversal.

He first contends that his conviction was in violation of A.R.S. § 13–136[1] in that the alleged victim, who testified against him, was in fact an accomplice. In State v. Sheldon, 91 Ariz. 73, 369 P.2d 917, we said:

"Whether a witness is an accomplice of the accused is generally determined by asking if the witness could be informed against for the same offense with which the accused is charged." 91 Ariz. at p. 76, 369 P.2d at p. 919.

1. "§ 13–136. Accomplice; testimony and corroboration

"A conviction shall not be had on the testimony of an accomplice unless the accomplice is corroborated by other evidence which, in itself and without aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

Obviously the witness here, a boy thirteen years of age, could not have been charged with child molestation and, therefore, was not the defendant's accomplice to this offense. However, the record contains an abundance of corroborative testimony which tends to connect the defendant with the commission of both of the crimes charged.

Another witness who was in the room at the time of the alleged commission testified in regard to the testimony of the victim that the boy was lying on the bed practically naked in the same position that another boy had been on April 10th; that "Fredrico was on his side and so was this * * * boy and I couldn't see what they were doing because their bodies obstructed any view;" that "I said—well, I don't recall what I said but I heard this * * * boy say, 'Well, I am not going to let you do this to me as long as these guys are in the room.' Fredrico said to this boy or— 'Get lost,' and I went into the bathroom then;" that after he came out of the bathroom they were still on the bed and that the boy had his hands on the defendant's body in the neighborhood of his privates; that he was "naked down to his knees with his pants and shorts down."

In State v. Sheldon, supra, in passing upon the evidence necessary for corroboration, we said:

"Moreover the concern of the law in such cases is with the 'quality' not the 'quantity' of the accomplice's testimony. The statute's (Section 13-136) primary requirement is that there be some evidence in the case which is legally sufficient to lend credibility to the statements of the accomplice. It must be evidence which will afford the trier of fact a sufficient basis for *believing* the testimony of the accomplice. But it need not corroborate any particular part of the accomplice's testimony. Rain v. State, 15 Ariz. 125, 137 P. 550 (1913). See also Kingsbury v. State, note 5 supra [27 Ariz. 289, 232 P. 887]. Nor

need the 'corroboration * * * be by direct evidence [for] the entire conduct of the defendant may be looked to for corroborating circumstances and if from those circumstances, his connection with the crime may be fairly inferred, the corroboration is sufficient.' State v. Miller, 71 Ariz. 140, 146, 224 P. 2d 205, 209 (1950)." 91 Ariz. at pp. 78–79, 369 P.2d at p. 921 (Emphasis in original.)

The evidence in the instant case was sufficient corroboration.

The second assignment of error is based upon the admission of testimony that Fredrico provided alcoholic beverages to several minors and also testimony that "He got a knife * * * He was going to kill us." Appellant contends that:

"These statements clearly constitute evidence showing or tending to show the commission of other crimes entirely distinct and independent from that for which appellant was on trial. They do not come within any of the exceptions to the rule and are neither relevant nor admissable."

In State v. Garcia, 97 Ariz. 102, 397 P.2d 214, we held as applicable to criminal cases the civil rule regarding improper admissions before a judge sitting as both the trier of fact and law.

"In civil cases, it is the rule in Arizona that improper admissions into evidence will not be considered as error on appeal, where a case is tried to the judge without a jury, because of the presumption that the trial judge disregarded all inadmissible evidence in reaching his decision. If the competent evidence is sufficient to support the judgment it will be sustained regardless of the error." 97 Ariz. at p. 104, 397 P.2d at p. 216.

A review of the record does not show that the alleged inadmissible testimony in any way affected the decision of the trial

court. The competent evidence was more than sufficient to support the judgment.

Judgment affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.