KOLEHOUSE, Plaintiff and Appellant, vs. CONNECTICUT FIRE INSURANCE COMPANY, Defendant: UNIVERSAL C. I. T. CREDIT CORPORATION, Plaintiff and Respondent.

*May 3—June 8, 1954.*

124

For the appellant there was a brief and oral argument by *Joseph F. Studnicka* of Milwaukee.

For the respondent there was a brief and oral argument by *Michael J. Dunn* and *James J. Bonifas,* both of Milwaukee.

CURRIE, J. The principal issue on this appeal is whether the holder of a conditional sales contract covering a motor vehicle has any rights to the proceeds of a policy of collision insurance payable as the result of a collision sustained by the vehicle, where, after the collision occurred, such holder improperly foreclosed the conditional sales contract against the vehicle.

The failure of Universal C. I. T., the holder of the conditional sales contract, to comply with the provisions of sec. 122.19, Stats., in holding a sale of the damaged tractor on March 14, 1950, rendered such sale void, and Universal

C. I. T. stands in the same position that it would if it had repossessed the tractor and had not conducted any resale proceedings. Sec. 122.23 provides that "where there is no resale, . . . the buyer shall be discharged of all obligation."

Counsel for the defendant Kolehouse contend that inasmuch as Kolehouse was discharged from any liability to Universal C. I. T. as a result of the failure to comply with the requirements of sec. 122.19, Stats., in conducting said sale of March 14, 1950, this bars Universal C. I. T. from recovering on the policy of collision insurance even though it was named as a loss payee thereunder. On the other hand, counsel for Universal C. I. T. point out that such theory overlooks the distinction between Universal C. I. T.'s property right in the tractor, which is what was insured under the policy, and its right to proceed against Kolehouse personally, which latter right is what was waived under the provisions of ch. 122, Stats., by failing to properly advertise and resell said tractor after repossessing the same.

The loss under which claim is made for the insurance proceeds occurred on January 1, 1950. Universal C. I. T.'s repossession and attempted resale of the damaged tractor took place subsequent to the date of loss. The general rule is that the right of the insured to recover under a policy of insurance for a loss covered by the policy is determined as of the date of loss. 5 Appleman, Insurance Law and Practice, p. 469, sec. 3335.

Universal C. I. T., at the time of the loss, was the holder of legal title to the tractor. Its rights were closely akin to those of a chattel mortgagee. The rights of a mortgagee to enforce an insurance policy which is made payable to it, as its interests may appear, are discussed in 8 Couch, Cyclopedia of Insurance Law, p. 6442, sec. 1936, as follows:

"If the mortgage requires the mortgagor to insure for the mortgagee's benefit, and the policy makes the loss payable

to the mortgagee as his interest may appear, he is entitled to recover thereon in his own name to the extent of his interest, and where the loss is so payable to the mortgagee, he may, in case of loss, recover the whole amount thereof, in his own name, if the mortgage debt exceeds the loss."

In *Fageol T. & C. Co. v. Pacific Indemnity Co.* (1941), 18 Cal. (2d) 731, 117 Pac. (2d) 661, Fageol sold a truck chassis to one Thomas on a conditional sales contract. Policies of collision and upset insurance were issued by two insurance companies with loss payable to Fageol for damage to the chassis. The truck was damaged as the result of collision in the state of Washington. Fageol thereafter repossessed the damaged truck in the state of Washington and by so doing under Washington statutes lost any right to hold Thomas for the balance owing on the conditional sales contract. The insurance companies contended that the repossession of the truck and the termination of Thomas' liability under his contract of purchase released the insurance companies from the obligation to pay either Thomas or Fageol the amount of loss suffered. The trial court entered judgment in behalf of Fageol and against the two insurance companies for the loss claimed, and one of the two insurance companies appealed. The California court, in its opinion, stated (18 Cal. (2d) 738, 745, 117 Pac. (2d) 664, 668):

*"Inasmuch as the policy and its indorsement made it payable to Fageol in case of loss, the latter's rights were fixed at the time of the loss. (Harrington v. Fitchburg Insurance Co.* 124 Mass. 126, 131). . . .

"Under our view of the language of the conditional sale contract, the Detroit insurance was to stand in lieu of the property lost by virtue of the collision and, therefore, Fageol's repossession of the truck did not defeat its right to be indemnified for the damage to the property."

We also consider the case of *Gattavara v. General Ins. Co.* (1932), 166 Wash. 691, 8 Pac. (2d) 421, very much in

point on the issue presented in the case at bar, although it involved a chattel mortgage instead of a conditional sales contract. The mortgaged truck was destroyed in a collision with a railroad engine and the mortgagee brought action to recover for the loss under the policy of insurance covering the vehicle. Subsequent to the loss the mortgagee sought to foreclose the chattel mortgage by court action, which action was dismissed "with prejudice," thus discharging the chattel mortgagor from any further liability. The Washington supreme court, in rejecting the defendant insurance company's contention that the subsequent discharge of liability of the mortgagor defeated the mortgagee's right to recover on the policy, stated (166 Wash. 699, 8 Pac. (2d) 423):

"If the mortgage debt had become extinguished before the loss occurred, a different question would be presented. But the authorities generally hold that *the insurer's liability is fixed as of the date when the loss occurs.*

" 'Nor is there merit in the contention that the policy was terminated by the suit to foreclose the real-estate mortgage. The breach of the policy, if any, had occurred long before such suit, and the rights of plaintiff thereunder had vested.' *Pennsylvania Fire Ins. Co. v. Johnson,* 28 Ariz. 448, 237 Pac. 634." (Emphasis supplied.)

On the authority of *Fageol T. & C. Co. v. Pacific Indemnity Co., supra,* and *Gattavara v. General Ins. Co., supra,* we conclude that Universal C. I. T.'s right to recover upon the collision policy was determinable as of the date of the collision loss unaffected by any of the subsequent events which occurred. Although such insurable interest of Universal C. I. T. in the tractor is measured by the indebtedness owing on the purchase price by the buyer Kolehouse, it is something distinct and apart from the indebtedness itself. The fact that subsequent to loss the indebtedness disappeared did not destroy such insurable interest. As of the date of the collision loss on January 1, 1950, Universal C. I. T.'s insur-

able interest in the Mack tractor, as so measured by the indebtedness then owing by Kolehouse to it under the conditional sales contract, was $2,632. As the collision loss amounted to but $2,500, Universal C. I. T. was entitled to recover the entire $2,500 from the defendant Insurance Company.

However, as between Kolehouse and Universal C. I. T., Kolehouse might have a cause of action over against Universal C. I. T. for part of the insurance proceeds collected by the latter. Universal C. I. T. would be unjustly enriched if the amount collected by it from the defendant Insurance Company, together with the reasonable value of the damaged tractor which it repossessed, exceeded its actual insurable interest in the tractor as of the date of the collision loss. It is undisputed that Universal C. I. T. made a *bona fide* resale of the damaged tractor, after it repossessed the same, to a third party for $700, and there is no evidence in the record that the reasonable value of the damaged tractor exceeded such sum of $700. Therefore, as between Kolehouse and Universal C. I. T., the latter's insurable interest in the property as of the date of loss should be reduced by such $700 realized from the resale of the tractor, thus reducing the amount of insurance proceeds which Universal C. I. T. should be permitted to retain as against Kolehouse to $1,932. This is the amount that was properly awarded to it by the judgment of the civil court, as affirmed by the circuit court.

The brief submitted in behalf of Kolehouse contends that several of the findings of fact made by the civil court are not supported by the evidence in the record. No useful purpose would be served by an extended consideration of these points in this opinion. Suffice it to say that this court has given careful consideration to these contentions, and it is our conclusion that they are without merit. The evidence to sustain

the disputed findings is contained in the admissions and allegations set forth in Kolehouse's answer in the Winnebago county circuit court action and in the court's findings of fact therein. Whether or not such findings of fact are *res adjudicata* is immaterial, because if not *res adjudicata,* nevertheless, such findings were offered in evidence by Kolehouse's counsel, and, therefore, constitute evidence upon which the civil court could base its findings in the within actions.

The reason why we went into considerable detail in our statement of facts herein, and in particular with respect to setting forth what transpired in the Winnebago county circuit court action, was in order to demonstrate that the findings of fact of the civil court were supported by the great weight and clear preponderance of the evidence. The real issue presented on this appeal is essentially one of law and not of fact.

*By the Court.*—Judgment affirmed.

STEINLE, J., took no part.