MUSSELMAN, Appellant, vs. SERVICE FIRE INSURANCE COMPANY, Respondent.

*May 3—June 8, 1954.*

For the appellant there was a brief and oral argument by *N. Paley Phillips* of Milwaukee.

For the respondent there was a brief and oral argument by *Michael J. Dunn* of Milwaukee.

CURRIE, J. This appeal is ruled by our decision in *Kolehouse v. Connecticut Fire Ins. Co.,* ante, p. 120, 65 N. W. (2d) 28. The attempted foreclosure sale of the damaged vehicle subsequent to the date of collision loss, and the failure to comply with the provisions of ch. 122, Stats., with respect to the proper procedure to be followed in conducting such foreclosure sale, did not affect the insurable interest of Universal C. I. T. at the time of loss. Therefore, defendant Insurance Company was obligated to make settlement for the loss with Universal C. I. T., inasmuch as the balance of

the purchase price owing by plaintiff on the vehicle at the time of collision far exceeded the collision loss.

Plaintiff's complaint alleges that the amount of damage due to collision loss was $1,000, which is in excess of the amount for which settlement was made by the defendant with Universal C. I. T. However, because the insurable interest of Universal C. I. T. was far in excess of $1,000 as of the date of loss, it is immaterial for the purpose of this action whether the loss was $771.97 or $1,000. Even if the true measure of the loss were $1,000, as between plaintiff and the defendant Insurance Company, all of such amount would have been payable to Universal C. I. T. The latter is not a party to this action and we, therefore, do not have the issue of unjust enrichment before us here which was present in *Kolehouse v. Connecticut Fire Ins. Co., supra.*

Plaintiff's counsel contends that inasmuch as neither the conditional sales contract, nor a true copy thereof, was before the court upon motions for summary judgment, it was error for the trial court not to have given judgment to the plaintiff for the $122.25 unearned premium resulting from the cancellation of the policy. The answer of defendant alleged that the conditional sales contract contained a provision requiring the defendant to pay such unearned premium to Universal C. I. T. The affidavit of plaintiff which was before the court on the motions for summary judgment did not deny that the conditional sales contract so provided, but contained this allegation with respect to such unearned premium:

". . . that no credit at any time was given by the Universal C. I. T. Credit Corporation nor requested to be given to this plaintiff for any alleged refund of premiums and that the Universal C. I. T. Credit Corporation, in view of the facts set forth herein, was not entitled to any refund on premiums as the contract has been paid in full by virtue of the said Universal C. I. T. Credit Corporation failing to properly foreclose said conditional sales contract."

The allegation of the answer, that the conditional sales contract provided that the unearned premium would be payable to Universal C. I. T. as holder of the conditional sales contract, was not put in issue by the above-quoted extract from plaintiff's affidavit. Plaintiff's affidavit merely raised the point of law that Universal C. I. T. was not entitled to such unearned premium because of its failure to properly foreclose the conditional sales contract. At the time of the cancellation of the policy on December 12, 1950, Universal C. I. T., under the provisions of the conditional sales contract, was entitled to such unearned premium and the defendant therefore rightly paid the amount of the same to Universal C. I. T.

*By the Court.*—Judgment affirmed.

STEINLE, J., took no part.