**B. M. CARAWAY, Appellant,**

v.

**W. M. FLAGG, Appellee.**

No. 14912.

Court of Civil Appeals of Texas.

Dallas.

March 11, 1955.

Rehearing Denied April 22, 1955.

Alexander D. McNabb, Dallas, for appellant.

De Shazo & Hyde and Ernst T. Foree, Dallas, for appellee.

CRAMER, Justice.

This was a suit on a $2,500 note given as part consideration for a taxidermy business in the City of Dallas, sold by Caraway to Flagg. Appellee Flagg, material to this appeal, pled that Caraway under the terms of the sales contract bound himself not to thereafter, for a period of five years, work as a taxidermist in Texas; and, if he violated such restriction, the note would be forfeited and considered paid; that appellant had violated such covenant or agreement and did work as a taxidermist in Texas within such five years. Appellant Caraway asserts that the restrictive covenant was too severe; was too exclusive in territory; was in restraint of trade; against public policy; would reduce appellant to a state of peonage, and therefore void and unenforceable.

Trial was had to a jury but, at the close of the evidence, the trial court being of the opinion that the facts were undisputed and that appellant should recover nothing on his note, discharged the jury and entered

judgment for Flagg. Caraway has duly perfected this appeal and briefs ten points of error.

Point 1 asserts error in overruling his motion for summary judgment. Appellee's counter point is that the trial court was correct in such action.

The contract contained the following provisions: "(V) Subject to seller's right to finish unfilled orders now on hand, the seller agrees that he will not re-engage in the taxidermy business in the State of Texas, either as an individual or as an employee, except as an employee of the buyer, and that he will not own shares of stock or any interest in any such business in such state until the termination of five years from this date. If this agreement is violated, the balance due on the notes hereinafter mentioned shall be forfeited and considered paid."

The material question raised by the briefs is whether or not such provision which barred Caraway from engaging in the taxidermy business, in the entire State of Texas, for a period of five years, is legally valid or void. It is not asserted in the pleadings of Caraway that he did not violate the provision; on the contrary he admitted he had engaged in such business before the note was due. There is no controversy between the parties as to the validity of the time (five years) provision, but the question is limited in the briefs to the space (State of Texas) provision.

▆ The general rule is that a contract unlimited, (1) as to time and space is void; (2) as to time, but not as to space, is ordinarily void; and (3) as to space, but not as to time, is valid only if reasonable. 17 C.J.S., Contracts, §§ 242 to 244 inclusive, page 624.

Our cause here is within the third provision above, with the additional element that the restriction must not be broader than the business sold.

▆ The Texas rule is stated in 8 Tex.Law Review 422–423:

"* * * The courts recognize that restriction is a necessary part in the absolute sale of any business, that there is a definite social interest in the freedom of an individual to sell his property absolutely, that good will is a definite property having a salable value, and that these considerations outweigh the social interests that individuals should be free to enter whatever business they please. * * * Consequently a promise imposing a restraint in trade or occupation which is reasonable, which is not wider than is necessary for the protection of the covenantee in some legitimate interest, which does not impose a harsh burden on the covenantor with no corresponding benefit to the covenantee, where the restrictive promise is ancillary to some permissible transaction, and where the contract is made on a good and adequate consideration, is held valid. * * * Hence covenants in partial restraint of trade are generally upheld as valid when they are agreements by the seller of property not to compete with the buyer in such a way as to derogate from the value of the property or business sold. Such restrictions must be reasonably necessary, however. * * * Such contract must not be characterized by any oppression. * * * The rule is sometimes stated that the restriction must not be broader than the business sold. * * * In situations such as the instant case where the sale is made to one who was not formerly a competitor, there is no diminution in competition by the covenant. Hence it constitutes but a minor restraint of trade. An express stipulation is included to allow the enforcement of the restraint which may not be created by implication. * * * Yet under the Sherman Act [15 U.S.C.A. §§ 1–7, 15 note] a restrictive covenant accompanying the sale of a business is valid. * * * Such a contract has been held legal in Texas. Gates v. Hooper, 90 Tex. 563, 39 S.W. 1079 (1897). * * *."

Authorities in Texas directly on this question are few. The Galveston Court of Civil Appeals held, in a case involving a weekly newspaper, The Houston Informer,

that an agreement not to publish the newspaper in the State of Texas for a period of five years, except for the purchaser, was reasonable and valid and that a threatened violation of the agreement was sufficient to authorize the injunction there involved. Richardson v. Webster-Richardson Pub. Co., 46 S.W.2d 384, no writ history.

We are, unless the facts here are distinguishable, inclined to follow the reasoning and holding in that case. The record shows taxidermy is a specialty and the patrons of such a business are ordinarily those who have the heads, etc., of animals killed by them as a result of recreation, sport, etc.; in other words, those who desire the mounted heads, or the whole animal, as trophies. The record also shows that while most of the customers are residents of the City of Dallas, some come from other points in and out of the State of Texas, usually where the animals are killed or thrive in their natural habitat.

■ Under the pleadings, the record, and facts which courts judicially know, we are of the opinion that the trial court's holding that the contract provision covering the State of Texas was valid under the space rule, was correct, and there was no error in sustaining Flagg's motion for summary judgment.

■ In Comer v. Burton-Lingo Lumber Co., 24 Tex.Civ.App. 251, 58 S.W. 969, at page 970, the court held: "* * * Where the circumstances appear in the face of the contract, the courts will determine the question of the reasonableness of the restriction as a matter of law. * * *" Point one is overruled.

■ Point 2 asserts error in refusing to permit Caraway to introduce the contract, without paragraph 5 hereinabove set out, and in requiring him to introduce the entire contract. This point is countered that the court's ruling was correct, but if incorrect, was harmless.

Under the pleadings of the parties paragraph 5 was material, and although appellant probably should not have been re-

quired to introduce the paragraph, its admission was harmless under the record as a whole. The provision was not immaterial, but proper evidence admissible before the jury. Point 2 is overruled.

■ Point 3 asserts error in excluding appellant's exhibit 5 which was a map showing an X or cross mark on 213 counties which the evidence disclosed were counties from which appellant said he had not received business. This point is countered that there was no error in the ruling. The record shows a list of such counties, by their names, was in evidence. Such list of counties was before the jury and any error in excluding the exhibit with the crosses thereon was harmless. Point 3 is overruled.

■ Point 4 asserts error in excluding appellant's exhibit 6 which was a list of taxidermists, by cities and towns, in Texas, to the best of appellant's knowledge and recollection. The record discloses that Caraway testified prior to the offer of exhibit 6 that taxidermists were scattered pretty well over the entire state; that he hardly knew of a town of any size that did not have one. Flagg testified that the taxidermy business is a state-wide and a nation-wide business; that many small towns have taxidermists. Under the record the exclusion of the evidence complained of was harmless. Point 4 is overruled.

■ Point 5 asserts error in permitting appellee's witness Mrs. Chandler to give estimates as to Caraway's business, over proper objection. Flagg counters that the witness did not give such estimates. The witness was asked: "Q. Do you know about what percentage of the business come into the operation of that business from out of the County, from other parts of the State? * * * "(Mr. McNabb): Well, your Honor, we object to that question because it should be confined to the business that Mr. Caraway sold and that was the business that started in the Fall of 1949 and closed out—virtually—virtually closed out beginning in January, 1950. That was the business that was sold. She comes in a

partner later on, and she hasn't been qualified to testify as to any business that Mr. Caraway was doing. "The Court: Well, let her testify as to the time she was there and confine it to that and no other time." Only the estimates given while she was employed in the business, and from her own knowledge, were admitted in evidence. Her evidence having been so limited, no error is shown by the point. Point 5 is overruled.

Point 6 asserts error in permitting appellee Flagg to give estimates and statements as to the alleged contents of an express company book which showed shipments made by Caraway. This point is countered that the court was correct in permitting appellee to testify to the contents of the railway express shipment record book kept by appellant prior to the sale of the business to appellee.

Flagg, material to this point, in substance testified that he looked at the Railway Express book used by Caraway from April 1948 until, he believed, March 1950. It showed 199 orders, about 100 per month, had been shipped C.O.D. express to go out of the State and to out-of-county customers. About one fourth of the business came from out of the State, principally from Colorado, Wyoming and New Mexico. About fifty jobs came from within the State. He did not have the express book with him and he checked the numbers by taking the beginning number in the book and subtracting it from the last number; he didn't check the numbers to see if they were all there; it took him about four minutes; there was not a blank in the book; he did not know specifically where each order went; he did not circularize the trade territory again; the list he checked had been received from Caraway—Caraway left it there; he had circularized the trade before.

Considering the above evidence and the record as a whole we are of the opinion that the admission of the above testimony in evidence, if error, was harmless. Therefore not reversible error. Point 6 is overruled.

Points 7, 9, and 10 assert error, (7) in overruling Caraway's motion for instructed verdict; (9) in taking the case from the jury over Caraway's objection and exception; and (10) in rendering judgment for Flagg and not for Caraway. These points raise similar questions to those passed on in point 1, and for the reasons there stated, points 7, 9, and 10 are overruled.

Point 8 asserts error in overruling and not granting Caraway's motion to submit the cause to the jury on the following special issue requested by him and refused by the court, to-wit: "Do you find and believe from a preponderance of the evidence that the restrictions placed upon the plaintiff, B. M. Caraway, contained in paragraph 'V' of the contract in the record as plaintiff's exhibit No. 2 were not reasonably necessary for the protection of the business or good will of defendant, W. M. Flagg, in the operation of the taxidermy business purchased by him from plaintiff, B. M. Caraway?"

This point also raises the same question passed upon in point 1, to wit, question of whether the evidence raised an issue of fact on the question therein set out for the jury. The rule is well settled that the trial judge or this Court cannot take a question of fact pled by a party away from the jury and render judgment unless, of course, the evidence is undisputed, or it has been waived, or the requesting party is estopped by his actions from requesting it. The question of whether or not the restrictions were reasonably necessary for the protection of the business, and of Flagg in his operation of the business, involves a construction of the written contract in connection, of course, with any admissible evidence thereon. We have considered the evidence and the written contract restriction and have reached the conclusion that under the record as a whole the restriction was valid, and was so considered by the parties, at the time the contract was signed, to be reasonably necessary to the protection of the purchaser in connection with the business sold.

We therefore hold that the contract was not ambiguous and there was no disputed question of fact to submit to the jury. Point 8 is overruled.

Finding no error in the trial court's judgment, it is

Affirmed.