414 P.2d 189

The VALLEY NATIONAL BANK OF ARIZONA, a national banking association, Appellant,

v.

George BROOKS and Wanda Brooks, Appellees.

No. 1 CA-CIV 142.

Court of Appeals of Arizona.

May 17, 1966.

Rawlins, Ellis, Burrus & Kiewit, by Robert L. Gottsfield, Phoenix, for appellant.

Goodson & Rose, by Larry J. Richmond, Phoenix, for appellees.

Perry, Coulter & Head, by A. K. Perry, Phoenix, amici curiae.

Kramer, Roche, Burch & Streich, by Earl E. Weeks, Phoenix, amici curiae.

DONOFRIO, Judge.

This is an appeal from an order of the Superior Court granting a motion for summary judgment in favor of appellee and denying appellant's claim for deficiency judgment.

Appellant, plaintiff below, instituted this action against defendants, appellees herein, to recover the deficiency established on the resale of a repossessed automobile, which automobile was the subject of a conditional sale contract subsequently assigned to appellant.

The sole issue involved in this appeal is whether appellant gave proper notice of sale of the automobile repossessed from appellees in accordance with the Uniform Conditional Sales Act, specifically § 44–319 A.R.S. This section entitled "Compulsory resale by seller" requires that the conditional vendor "give notice of the sale by at least three notices posted in different public places within the filing district where the goods are to be sold, at least five days before the sale."

The court below held the sale defective on the basis that appellant had not posted notices of sale in three different public places which requirement is a necessary condition to an effective sale under the statute. Kolehouse v. Connecticut Fire Ins. Co., 267 Wis. 120, 65 N.W.2d 28, 46 A.L.R.2d 983 (1954); 47 Am.Jur., Sales § 966, p. 178.

The facts are not in dispute. Appellant caused notices of sale to be posted at three bulletin boards, all of which were located in what is described as the old Maricopa County Courthouse and City Hall block to which we will refer as the Courthouse block. This is the block extending from South First Avenue to South Second Avenue, bounded by Washington Street and Jefferson Street in downtown Phoenix. Counsel have stipulated that these boards are located respectively: On the North wall of the lobby in the basement of the Old Maricopa County Courthouse under the front steps; at the Southeast corner of the Courthouse block facing West Jefferson Street; and at the Southwest corner of the Courthouse block facing Second Avenue.

The bulletin board on the North wall of the lobby in the basement which is on the ground floor of the building and a little below ground level, is affixed to the North wall and located a few feet from each of the two entrances to the Courthouse. The board is positioned approximately 3 feet 7 inches from the lobby floor, and is approximately 3 feet in height and 21 feet 10 inches in width. The bulletin board at the Southeast corner of the Courthouse block is constructed of plywood, which is attached to two 2 x 4's, which are imbedded in the ground. The board is positioned approximately 16 feet from West Jefferson Street and fronts on said street. (The board is approximately 2 feet from the sidewalk, which sidewalk extends 14 feet from the street). The board is positioned approximately 14 inches from the ground, and is approximately 12 feet in width and 5 feet 8½ inches in height. This board, which faces West Jefferson Street, a well traveled downtown thoroughfare, is approximately 82 feet from the Northwest corner of the intersection of South 1st Avenue and West Jefferson Street. The bulletin board at the Southwest corner of the Courthouse block is similarly constructed as the board hereinabove described. The board is positioned approximately 2 feet from the ground and is approximately 4 feet in height and 8 feet in width. The bulletin board is located approximately 20 feet from West Jefferson Street and approximately 2 feet from South Second Avenue.

The bulletin board located at the Southwest corner of the Courthouse block is located on city-owned property. The remaining two boards are located on county-owned property.

It was the contention of appellees that the notices given failed to comply with the requirements of the statute inasmuch as such notices were posted in only one public place. That is, that the posting on the billboard inside the courthouse entrance and the posting on the billboards outside the courthouse but within the courthouse square were equivalent to a posting in only one public place or at the most two. Appellant's contention on the other hand is that the bulletin boards used were separate and distinct or different public places within the purview of the law inasmuch as one was at a main entrance and exit of the Courthouse and the others were located and fronted on different public sidewalks and streets and were in a position so that persons passing by could see and read them. That each board reaches a substantial number of people who in the ordinary course of their travel would not be expected to pass either of the other two boards. Moreover, appellant contends that because of the long standing practice of many years of posting notices of sale on such bulletin boards the community has been alerted and notices there posted attract the widest possible attention.

There is no dispute that the Courthouse is a public place and we agree. Governmental buildings such as courthouses, townhalls, or post offices have frequently been held sufficiently public. See 90 A.L.R. 2d 1218. The issue is whether the bulletin boards fronting Second Avenue and on Jefferson Street and located on the same city block as the old Courthouse and City Hall Building constitutes different public places within the meaning of the statute involved.

Counsel have cited Bulldog Concrete Form Sales Corp. v. Taylor, 7 Cir., 195 F.2d 417, 49 A.L.R.2d 1 (1952), one of the later cases involving an identical statute (Uniform Conditional Sales Act, Section 19) which we believe is sound in its reasoning and fairly states the law. Bulldog considered many of the arguments and authorities advanced by appellees. The defendants therein insisted that the sale notices were not posted in three different public places and the county building and the city hall being under one roof constituted only one building and therefore only one public place relying on McDaniel v. Wetzel, 264 Ill. 212, 106 N.E. 209, L. R.A. 1916 E, 1140, which held that posting

of the three notices at different doors of the same court house was not sufficient. The court held McDaniel presented an entirely different situation from their case in that the locations were separated by a full city block which was the distance between the notice posted at the entrance of the city hall and the other posted at the entrance of the county building. They reasoned that the fact both were under one roof did not prevent the entrances used for posting the notices from being two public places.

It was also argued in Bulldog that the board at the Chicago Daily Law Bulletin was only notice to half of the public because it was not easily seen by people walking in the other direction. The court held that since the board was visible to pedestrians using the sidewalk in front of one of the busiest places in downtown Chicago it constituted a public place within the meaning of the act.

██ Whether a particular location constitutes a "public place" and whether several postings within a given area or place comply with the statutes depend upon the facts of each particular case. Ley v. Babcock, 118 Cal.App. 525, 5 P.2d 620 (1931), see also 2 A.L.R. 1008 and 90 A.L.R. 2d 1212. We recognize that two of the important purposes of the act involved are to arouse the interest of potential buyers and to inform the conditional buyer and other interested parties. For that reason, concentrating three postings in a limited area where they duplicate the effect of each other would be insufficient as they would fail to give the notoriety intended by the statute. Bearing this in mind we have examined the facts of this case and the many authorities cited and believe the principles and reasoning of Bulldog are applicable here. Both of these cases deal with the same uniform conditional sales act statute and involve postings in a city and county facility in the downtown section of a city.

There is no dispute as to the posting at the entrance in the lower floor of the Courthouse. We agree that this is a place where much of the public passes. It is to be noted that we take the conditions as they existed at the time of posting in March 1964, which was before the completion of the present new County Court building. The two outside boards are along public sidewalks and can easily be read by passers-by. They are clearly within view of the traffic on the two streets. They cannot be mistaken for anything other than bulletin boards upon which legal notices are posted.

They are in customary and conspicuous places where notices have been posted for scores of years. Each board is located where many people are accustomed to pass and where it is likely to attract attention. Passersby of each board are not necessarily the same people. The board on city property at Second Avenue is in close proximity to city administrative and executive offices and the board on county property nearer First Avenue may be seen more by people having business with the county. This situation parallels that in Bulldog.

██ We hold that these bulletin boards are so located that each constitutes under the circumstances a different "public place" within the purview of § 44–319 A.R.S.

Reversed.

STEVENS, C. J., and ROBERT O. ROYLSTON, Superior Court Judge, concur.

NOTE: Judge JAMES DUKE CAMERON having requested that he be relieved from consideration of this matter, Judge ROBERT O. ROYLSTON was called to sit in his stead and participate in the determination of this decision.