Foy BARRETT, Appellant,

v.

Jesse C. CURTIS, Appellee.

No. 16790.

Court of Civil Appeals of Texas.

Dallas.

Oct. 7, 1966.

Parkhill, Watson & Grantham, Grand Prairie, for appellant.

Carter, Gallagher, Jones & Magee, Charles Gallagher and Ben Warder, Jr., Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This appeal is from a judgment awarding appellee actual and exemplary damages for breach of a restrictive covenant contained in a written sales contract.

On May 15, 1962 Foy Barrett sold and conveyed his automobile wrecker service business located in Grand Prairie, Texas to Jesse C. Curtis. The contract of sale imposed upon the seller the following restriction:

"That he, the said Foy Barrett, shall not at any time hereafter within a period of 10 years from date of closing of this transaction open or operate, or seek or become employed in any like business, either for himself or as an employee of others within Dallas County, Texas, to that business which is being sold, to-wit: the Wrecker Service Business, and that he shall not participate in any manner whatsoever, in either open direct competition with the said Jesse C. Curtis nor indirectly with him, nor aid and advise any other person, firm or corporation or influence any person whomsoever to so compete, nor furnish aid, assistance nor advice to any such person to so compete."

Alleging Foy Barrett had violated the above covenant by aiding and abetting his

brother, Ike Barrett, to enter into competition with him in a similar business, Jesse C. Curtis brought this action to enjoin the competing business and also to recover damages. A jury trial resulted in a verdict for appellee Curtis for actual damages in the sum of $1,000 and exemplary damages in the sum of $2,500.

Appellant, by his first point of error, makes no complaint concerning that portion of the restrictive covenant dealing with time and geographical area but vigorously assails that part of the covenant which precludes him from aiding and advising any other person to compete with appellee in a similar business. He argues that such restriction is unreasonable, arbitrary, oppressive and against public policy as an unreasonable restraint of trade and therefore illegally incapable of being enforced or made the basis for awarding damages.

■ Our determination of appellant's point is governed by well established principles of law. Negative covenants are to be closely scrutinized. A restrictive covenant not to compete must be reasonably necessary, must not be oppressive and must not be broader than the business sold. The covenant, to be enforceable, must not impose a greater restraint than is reasonably necessary to protect the business conveyed. In determining the reasonableness of a restrictive contract provision the courts will ordinarily determine the question as one of law. Weatherford Oil Tool Co. v. Campbell, 161 Tex. 310, 340 S.W.2d 950; Caraway v. Flagg, Tex.Civ.App., 277 S.W.2d 803; Martin v. Hawley, Tex.Civ.App., 50 S.W.2d 1105.

In Caraway v. Flagg, supra, this court considered a restrictive covenant which was attacked on the same grounds as here asserted. In upholding the contract in that case we referred to the Texas rule as stated in 8 Tex.Law Rev. 422–423, as follows:

"* * * The courts recognize that restriction is a necessary part in the ab-

solute sale of any business, that there is a definite social interest in the freedom of an individual to sell his property ablutely, that good will is a definite property having a salable value, and that these considerations outweigh the social interests that individuals should be free to enter whatever business they please. * * * Consequently a promise imposing a restraint in trade or occupation which is reasonable, which is not wider than is necessary for the protection of the covenantee in some legitimate interest, which does not impose a harsh burden on the covenantor with no corresponding benefit to the covenantee, where the restrictive promise is ancillary to some permissible transaction, and where the contract is made on a good and adequate consideration, is held valid. * * * Hence covenants in partial restraint of trade are generally upheld as valid when they are agreements by the seller of property not to compete with the buyer, in such a way as to derogate from the value of the property or business sold. Such restrictions must be reasonably necessary, however. * * * Such contract must not be characterized by any oppression. * * * The rule is sometimes stated that the restriction must not be broader than the business sold. * * * In situations such as the instant case where the sale is made to one who was not formerly a competitor, there is no diminution in competition by the covenant. Hence it constitutes but a minor restraint of trade. An express stipulation is included to allow the enforcement of the restraint which may not be created by implication. * * * Yet under the Sherman Act [15 U.S.C.A. §§ 1–7, 15 note] a restrictive covenant accompanying the sale of a business is valid. * * * Such a contract has been held legal in Texas. Gates v. Hooper, 90 Tex. 563, 39 S.W. 1079 (1897). * * *."

■ Having carefully examined the portion of the contract complained of by appellant we are unable to agree with him

that the same is invalid, as a matter of law. The covenant in question expressly applies only to the wrecker service business sold by appellant to appellee and does not restrict appellant from engaging in any other type of business. It does prohibit appellant from entering into a similar type of business personally and also goes further and prevents him from aiding and abetting others in competition of the business conveyed to appellee. We find nothing unusual or oppressive about such a restriction. Such appears to be reasonably necessary for the protection of appellee in the operation of the wrecker service business that he purchased from appellant. The covenant is not broader nor more comprehensive than the business conveyed. It refers to and is limited specifically to the automobile wrecker business. Since appellee was not a competitor of the appellant prior to the time he purchased the wrecker service business it cannot be said that the covenant complained of diminished the competition as between the parties. We hold as a matter of law that the covenant in question is valid and enforceable. Appellant's first point is overruled.

Appellant's second point is multifarious in that it contains two separate complaints, both relating to Special Issue No. 1 as submitted to the jury. Such issue inquired:

"Do you find from a preponderance of the evidence that the Defendant (Barrett) has violated the said agreement of 15 May 62, sued upon in this case and contained in Plaintiff's Exhibits No. 1 and 2?"

Appellant says that (1) such issue was not an ultimate issue but was a general charge and (2) there is no evidence to support the jury's affirmative answer thereto.

■ Appellant's first objection to the issue may not be considered by us for the simple reason that the same was not properly preserved by an assignment of error in the motion for new trial. Nowhere in appellant's objection to the court's charge

nor in his motion for new trial is there any complaint that such issue was a submission of a question of law as opposed to one of fact or that the issue was a general charge. It is elementary that in the absence of a proper assignment directing the trial court's attention to the alleged error we have no right to consider the point on appeal.

As to the second portion of appellant's point complaining of the absence of testimony to support the jury's affirmative answer to such issue we have carefully examined the statement of facts and find ample testimony upholding appellee's contention that appellant violated the agreement.

■ In considering this "no evidence" point we must disregard all evidence adverse to the finding of the jury and consider only the evidence favorable to such finding, indulging every legitimate conclusion which tends to uphold it. Fisher Construction Co. v. Riggs, 160 Tex. 23, 325 S. W.2d 126.

■ Without entering into a detailed account of the testimony of both the parties and other witnesses it is sufficient to state that the evidence revealed that Foy Barrett did aid and assist his brother, Ike Barrett, in the operation of a wrecker service business in competition with appellee. Foy Barrett owned and operated the only automobile wrecker service business in Grand Prairie, Texas. He sold and conveyed this business to appellee Curtis, who operated the same for a year. At this time Ike Barrett, brother of Foy Barrett, started the operation of his wrecker service business in the place of business owned by Foy Barrett. Foy leased the back lot, driveway and a back room in his garage to Ike Barrett for $100 a month. Various employees of Foy Barrett drove Ike Barrett's wreckers and answered the phone for Ike. Foy aided his brother by signing his note at the bank for the purchase of a wrecker and also

sold a wrecker to Ike. Ike was engaged in another type of business, operating a dragline during the day, and one of his employees, Pallet, operated the wrecker business. Pallet was a former employee of Foy Barrett and the evidence revealed that he did mechanical work for Foy at the same place of business where the wrecker business was operated. Witnesses testified that they used the wrecker service from "Foy's". Curtis testified that he lost the local Grand Prairie wrecker service because of Foy Barrett, Ike Barrett, and a man by the name of Looney. When the entire testimony is viewed in the light of the rule announced by our Supreme Court we believe that the jury was justified in finding that Foy Barrett aided and abetted his brother Ike Barrett in the operation of the wrecker service in competition with Curtis. Appellant's second point is therefore overruled.

By his third point appellant complains of the action of the trial court in overruling his motion for instructed verdict made immediately after plaintiff rested and before defendant offered any evidence in that plaintiff had not proved a cause of action and no evidence of damages had been offered. The record reveals that while appellant did submit his motion for instructed verdict at the conclusion of appellee's testimony he elected to proceed with the introduction of his own testimony after the court had overruled same. Subsequently the motion for instructed verdict was not re-urged or resubmitted. For these reasons appellant has waived his right to complain of the ruling. Where a motion for a directed verdict is denied, the moving party must stand on the ruling or he may not complain of the error. Travelers Ins. Co. v. Arnold, Tex.Civ.App., 378 S.W.2d 78; Robb v. Gilmore, Tex.Civ.App., 302 S.W.2d 739; 41–B Tex.Jur., § 184, p. 213; 56 Tex. Jur.2d, § 205, p. 545.

Even had the point of error been properly presented to us we would have overruled same. This for the simple reason

that the testimony introduced by appellee was sufficient to prove some damages sustained by appellee as a result of the breach of the contract by appellant. Appellee testified that his automobile wrecker business decreased by better than fifty per cent after Ike's Wrecker Service went into business. There was other testimony which would justify the jury in believing that appellee had sustained some actual damages as a result of the competition by Ike Barrett who was aided and abetted by his brother, Foy Barrett, as above related. Appellant's third point is overruled.

Appellant's fourth point, again multifarious and not in conformity with briefing rules, complains of Special Issue No. 2 submitted to the jury because (1) said issue amounted to a general charge and not an ultimate issue of fact and (2) there was no evidence to support the jury's affirmative answer thereto. Special Issue No. 2, as submitted to the jury, was:

> "Do you find from a preponderance of the evidence that the Plaintiff (Curtis) has sustained any money damages as the result of said violation, if any, inquired about Special Issue No. 1, if you have found that there was a violation?"

Appellant's first complaint may not be considered by us for the reason that same was not properly preserved in an appropriate assignment of error contained in his motion for new trial. No objection was made in advance of the submission of said issue to the effect that same constituted a general charge nor was the trial court's attention directed to such complaint in the motion for new trial.

Appellant's second complaint, being a "no evidence" point, must likewise be overruled. As above pointed out appellee testified that following the time appellant's brother entered a competitive business with him in the City of Grand Prairie, Texas his business decreased approximately fifty per cent. Without detailing the testimony we find sufficient evidence of probative

force contained in this record to amply justify the jury answering Special Issue No. 2 in the affirmative. Appellant's fourth point is overruled.

Appellant's complaint concerning Special Issue No. 3 as submitted by the trial judge is brought to us in his fifth point of error, multifarious in nature. He says (1) that said issue was erroneously submitted conditionally upon the jury's answer to Special Issue No. 2 and (2) that there was no evidence to support the jury's finding to Special Issue No. 3. This issue inquired of the jury as to the amount of actual damages sustained by appellee as a result of the contractual violation inquired about in Special Issue No. 1.

■ Appellant's first complaint may not be considered by us for the reason that no objection was made in the trial court concerning conditional submission of the issue. Moreover, no harm could have possibly resulted in such conditional submission. Rule 434, Vernon's Texas Rules of Civil Procedure.

■ Appellant's second complaint concerning this issue is likewise without merit as we find sufficient evidence in this record to justify the jury's answer of the sum of $1,000 representing actual damages sustained by appellee. For example, appellee testified that after Ike Barrett entered the automobile wrecker service business and started into competition with him that there was a loss of $14,000 income in his business. This loss occurred during the period of one year following the beginning of the competitive business. Appellant's fifth point is overruled.

By Special Issue No. 4 the trial court inquired of the jury as to the amount of money which would reasonably compensate appellee for exemplary damages. In connection with the issue the court instructed the jury that "exemplary damages, as that term is used herein, is meant the sum awarded as punishment of the defendant for any malice, if any you may believe to

exist in this case * * *." The court also instructed the jury that " 'Malice', in its legal sense, means the intentional doing of an illegal act."

By his sixth point appellant asserts that the trial court should have set aside and disregarded the jury's findings to Issue No. 4 because there was no evidence that appellant acted with malice or committed any tort in violating the sales contract which is a prerequisite to an award of exemplary damages. It is appellant's position that at most this is a case of a simple breach of a contract unaccompanied by tort and therefore exemplary damages are not legally recoverable even though the breach is brought about capriciously and with malice. This is the rule of law announced by our Supreme Court in A. L. Carter Lumber Co. v. Saide, 140 Tex. 523, 168 S.W.2d 629. See also McDonough v. Zamora, Tex. Civ.App., 338 S.W.2d 507; 25 C.J.S.Damages § 120; 17 Tex.Jur.2d, § 185; Kolehouse v. Connecticut Fire Ins. Co., 267 Wis. 120, 65 N.W.2d 28, 46 A.L.R.2d 988. Appellee admits that the general rule in this state is that announced by the Supreme Court but contends that such rule is applicable only for breach of an ordinary commercial contract. He urges that there are two well recognized exceptions to the rule, to-wit, exemplary damages may be recovered in an action for breach of a contract to marry, and contracts of public service companies. Appellee urges us to enlarge these exceptions by including therein an action for breach of a restrictive covenant as in this case. Appellee cites no Texas authority, and we are unable to find any, wherein such damages have been allowed in breach of restrictive covenant cases.

■ In our determination of appellant's point we find it unnecessary for us to decide the broad question of whether an action upon a restrictive covenant falls within the exception to the general rule relating to the awarding of exemplary damages. This for the reason that we fail to find

evidence of malice on the part of appellant which would justify the jury in penalizing him. The only specific testimony referred to by appellee in support of his contention that there is evidence of malice came from appellee himself, as follows:

"Q. Now, you say you lost it because of Foy Barrett, Ike Barrett and Glen Looney. How can you separate the three as to where the business was lost?

"A. The origination of it because Ike had no money to go in the wrecker business and neither did Glen Looney and they was depending solely on Foy to back them and Foy told Glen he would like to see him get in it and bust me completely out.

"Q. Did you hear that or who told you that?

"A. Glen Looney."

Looney was called as a witness but was not asked concerning such conversation. Obviously, appellee's testimony was hearsay and amounted to no evidence at all.

There being no evidence of probative force in this record to support the jury's answer to Special Issue No. 4, the court should have disregarded the findings as to exemplary damages. Appellant's sixth point is sustained.

Our disposition of appellant's sixth point renders it unnecessary that we pass upon his seventh point of error which relates to the matter of submission of the issue on exemplary damages.

That part of the trial court's judgment awarding the sum of $2,500 exemplary damages against appellant is reversed and here rendered. That part of the judgment awarding appellee the sum of $1,000 actual damages against appellant is affirmed. The cost of this appeal is adjudged equally between appellant and appellee.

*Reversed and rendered in part and affirmed in part.*